THE STATE EX REL. DEHLER, APPELLANT, *v.* KELLY, WARDEN, ET AL.,

APPELLEES.

[Cite as *State ex rel. Dehler v. Kelly*, 127 Ohio St.3d 309, 2010-Ohio-5724.]

*Public records — R.C. 149.43(C) — Request by prisoner for statutory damages*
*properly denied.*

(No. 2010-1229 — Submitted October 13, 2010 — Decided December 1, 2010.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2009-T-0084, 2010-Ohio-3053.

_____

**Per Curiam.**

{¶ 1}　We affirm the judgment of the court of appeals denying an award of statutory damages to appellant, inmate Lambert Dehler, in a public-records mandamus case for the following reasons.

{¶ 2}　First, Dehler refused to submit payment for the cost of the requested copies of public records.　"R.C. 149.43 does not require a public-records custodian to provide copies of records free of charge; instead, the Public Records Act requires only that copies of public records be made available at cost."　*State ex rel. Call v. Fragale*, 104 Ohio St.3d 276, 2004-Ohio-6589, 819 N.E.2d 294, ¶ 6.　Even though the court of appeals did not rely on this ground to deny Dehler's request for statutory damages, " '[w]e will not reverse a correct judgment simply because some or all of a lower court's reasons are erroneous.' " *State ex rel. Galloway v. Cook*, 126 Ohio St.3d 332, 2010-Ohio-3780, 933 N.E.2d 807, ¶ 4, quoting *State ex rel. Swain v. Bartleson*, 123 Ohio St.3d 125, 2009-Ohio-4690, 914 N.E.2d 403, ¶ 1.

{¶ 3}　Moreover, the prison officials established that permitting Dehler to inspect the requested records might have unreasonably interfered with the

discharge of their duties. See *State ex rel. Dehler v. Spatny*, 127 Ohio St.3d 312, 2010-Ohio-5711, ___ N.E.2d ___, ¶ 5, citing *State ex rel. Natl. Broadcasting Co., Inc v. Cleveland* (1988), 38 Ohio St.3d 79, 81, 526 N.E.2d 786, and *Briscoe v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-1109, 2003-Ohio-3533, ¶ 16 ("With respect to penal institutions, prison administrators must be accorded deference in adopting * * * policies and practices to preserve internal order and to maintain institutional security").

**{¶ 4}** Finally, notwithstanding Dehler's contentions to the contrary, R.C. 149.43(C)(1) does not permit stacking of statutory damages based on what is essentially the same records request. No windfall is conferred by the statute. See R.C. 149.43(C)(1) (an "award of statutory damages should not be construed as a penalty, but as compensation for injury arising from lost use of the requested information").

**{¶ 5}** Therefore, Dehler failed to establish his entitlement to an award of statutory damages in his public-records mandamus case, and we affirm the judgment denying the award.

Judgment affirmed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., dissents.

_____

**BROWN, C.J., dissenting.**

**{¶ 6}** I respectfully dissent from the judgment affirming the denial of an award of statutory damages to appellant, inmate Lambert Dehler, in his public-records mandamus case.

**{¶ 7}** In this appeal, Dehler asserts that the court of appeals erred in refusing to award him statutory damages. The court of appeals granted a writ of mandamus to compel appellees to provide access to the requested prison library

records, but it denied Dehler's request for statutory damages because unrelated records requests that were the subject of a separate mandamus action by Dehler had been held by the court to lack merit.

{¶ 8} For the following reasons, the court of appeals erred in refusing to award Dehler $1,000 in statutory damages in accordance with R.C. 149.43(C)(1).

{¶ 9} First, the court of appeals *granted* a writ of mandamus to compel appellees to immediately satisfy Dehler's request for prison library records. As the court of appeals itself determined, Dehler "submitted a proper written request for public records," appellees "failed to perform their legal duties under R.C. 149.43(B) to provide access to those records," and appellees' "improper refusal to satisfy the 'library' request continued longer than a period of ten days." *State ex rel. Dehler v. Kelly*, Trumbull App. No. 2009-T-0084, 2010-Ohio-3053, ¶ 43. Appellees did not appeal from the court of appeals' judgment granting the writ. Thus, we cannot consider their claims insofar as they suggest that Dehler was not entitled to the requested records because, inter alia, Dehler did not proffer prepayment for copies. See *State ex rel. Worrell v. Ohio Police & Fire Pension Fund*, 112 Ohio St.3d 116, 2006-Ohio-6513, 858 N.E.2d 380, ¶ 9, fn. 1 ("Appellees did not appeal the court's issuance of a limited writ, so we do not consider the propriety of the court of appeals' holding that the board had a duty to issue a decision stating the basis for its denial"). Instead, in the absence of a timely cross-appeal by appellees from the granting of the writ, we must necessarily presume the propriety of the issuance of the writ in our determination of whether the court of appeals erred in denying Dehler's request for statutory damages.

{¶ 10} Second, "R.C. 149.43(C)(1) provides for statutory damages of $100 for each business day during which the public office failed to comply with the public-records law, up to a maximum of $1,000," and because more than ten business days have elapsed from the date Dehler filed this mandamus action and

he still has not been provided access to the requested records, the $1,000 maximum award is applicable. *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 45.

{¶ 11} Third, nothing in R.C. 149.43(C)(1) authorizes a court to deny or reduce an award of statutory damages based on the court of appeals' stated basis of a lack of merit for a different public-records request that is the subject of a separate public-records mandamus case instituted by the same relator. Rather, the focus for denying or reducing an otherwise mandatory award of statutory damages to a prevailing party in a public-records mandamus case is on the conduct of the public-records custodians that constitutes a failure to comply with R.C. 149.43(B) in that case and not in a separate public-records mandamus case. R.C. 149.43(C)(1)(a) and (b). The court of appeals thus erred in denying Dehler's request for statutory damages based on the purported impropriety of his records request in *State ex rel. Dehler v. Spatny*, 11th Dist. No. 2009-T-0075, 2010-Ohio-3052, a separate mandamus case.

{¶ 12} Fourth, the court of appeals also erred in relying on the supposed overbreadth of Dehler's records request in *Spatny* because, as I note in my separate opinion in Dehler's appeal from the court of appeals' judgment in that case, his request for prison quartermaster records at TCI was not overbroad. *State ex rel. Dehler v. Spatny*, 127 Ohio St.3d 312, 2010-Ohio-5711, __ N.E.2d __ (Brown, C.J., dissenting).

{¶ 13} Finally, this interpretation of R.C. 149.43(C)(1) is supported by its plain language and our duties to "construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records." *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6.

{¶ 14} Therefore, because the court of appeals erred in not awarding Dehler $1,000 in statutory damages, reversal of the judgment is required. Thus, I

dissent from the judgment affirming the court of appeals' denial of statutory damages.

_____

Lambert Dehler, pro se.

Richard Cordray, Attorney General, and Ashley D. Rutherford, Assistant Attorney General, for appellees.

_____