Per Curiam.
{¶ 1} This is an appeal from a judgment by the Court of Appeals for Trumbull County denying the writ sought by appellant, Lambert Dehler, for a writ of mandamus to compel appellees, the director of the Ohio Department of Rehabilitation and Correction and various officials and employees of the Trumbull Correctional Institution, to provide him with access to all the records of the prison quartermaster’s orders for and receipt of clothing and shoes for a period of over seven years.
{¶ 2} For the following reasons, the court of appeals properly denied the writ.
{¶ 3} First, as the court of appeals held, by requesting all of the records relating to the quartermaster’s orders for and receipt of clothing and shoes for a period of over seven years, Dehler’s request was overbroad because he sought what amounted to a “complete duplication” of the quartermaster’s records. 2010-Ohio-3052, 2010 WL 2636552, ¶23. “In identifying the records at issue, the Public Records Act ‘does not contemplate that any individual has the right to a complete duplication of voluminous files kept by government agencies.’ ” State ex rel. Glasgow v. Jones, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 17, quoting State ex rel. Warren Newspapers, Inc. v. Hutson (1994), 70 Ohio St.3d 619, 624, 640 N.E.2d 174. Although the prison officials met with Dehler to attempt to help him narrow his request, the meeting was not successful, and Dehler filed his mandamus claim based on his original request.
{¶ 4} Second, when a prison official met with Dehler to provide him with an opportunity to revise his request, the official informed him that the prison would be willing to give him copies of all the requested records once he prepaid the cost of the copies, but Dehler refused. R.C. 149.43(B)(1), which provides that “upon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time,” authorizes a public office to require the prepayment of costs before providing copies of public records. See Warren Newspapers, 70 Ohio St.3d at 624-625, 640 N.E.2d 174 (right to request copies of public records, as opposed to the right to inspect them, is conditioned on the payment of the actual cost of copying the records); see also State ex rel. Call v. Fragale, 104 Ohio St.3d 276, 2004-Ohio-6589, 819 N.E.2d 294, ¶ 6 (“R.C. 149.43 does not require a public-records custodian to provide copies of records free of charge; instead, the Public *314 Records Act requires only that copies of public records be made available at cost”).
{¶ 5} Finally, insofar as Dehler requested to inspect the records in addition to merely requesting copies of them, the prison officials submitted evidence that granting that request might have unreasonably interfered with the discharge of their duties. See State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland (1988), 38 Ohio St.3d 79, 81, 526 N.E.2d 786 (recognizing that the rule that people can inspect public records at any time is subject to the limitation that the inspection not endanger the safety of the record or unreasonably interfere with the duties of the custodian). These concerns are particularly compelling in the prison setting when an inmate wishes to inspect records. See Briscoe v. Ohio Dept. of Rehab. & Corr., Franklin App. No. 02AP-1109, 2003-Ohio-3533, 2003 WL 21512808, ¶ 16 (“With respect to penal institutions, prison administrators must be accorded deference in adopting * * * policies and practices to preserve internal order and to maintain institutional security”). Ultimately, Dehler’s request to personally inspect the records was rendered moot when he was transferred from the prison during the pendency of the proceedings before the court below. See State ex rel. Brown v. Lemmerman, 124 Ohio St.3d 296, 2010-Ohio-137, 921 N.E.2d 1049, ¶ 12 (in mandamus cases, the court shall consider facts and conditions after the case is filed when it rules on the writ).
{¶ 6} Based on the foregoing, because Dehler did not establish his entitlement to the requested extraordinary relief in mandamus, we affirm the judgment of the court of appeals denying the writ.
Judgment affirmed.
Pfeifer, Lundberg Stratton, O’Connor, O’Donnell, Lanzinger, and Cupp, JJ., concur.
Brown, C.J., dissents.