[Cite as *State ex rel. Davila v. E. Liverpool*, 2011-Ohio-1347.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. | ) | |
| EDWIN DAVILA, | ) | CASE NO. 10 CO 16 |
| | ) | |
| RELATOR-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| THE CITY OF EAST LIVERPOOL, et al., | ) | |
| | ) | |
| RESPONDENTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Common Pleas Court, Case No. 09 CV 238.

JUDGMENT: Affirmed.

APPEARANCES:

For Relator-Appellant: Attorney William E. Walker, Jr.
P.O. Box 192
Massillon, OH 44648-0192

For Respondents-Appellees: Attorney Jeremy M. Grayem
Attorney Stephen J. Smith
Schottenstein, Zox & Dunn Co.
250 West Street
Columbus, OH 43215

Attorney Charles L. Payne
Payne Law Office
617 St. Clair Avenue
East Liverpool, OH 43920

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: March 14, 2011

DeGenaro, J.

{¶1} Appellant/Relator Edwin Davila, appeals the judgment of the Columbiana County Court of Common Pleas granting summary judgment in favor of Appellees/Respondents, City of East Liverpool and East Liverpool Police Chief Mike McVay in a public records request mandamus and civil forfeiture action. There are two main issues on appeal: (1) whether Davila's public records request was overbroad; and (2) whether Davila is an aggrieved person under R.C. 149.351(B)(2) and thus entitled to the civil forfeiture penalty.

{¶2} Upon review, the trial court correctly determined that the request was overbroad. Thus, the issue of whether Davila is an aggrieved person under the Public Records Law, is moot in light of the resolution of Davila's sole assignment of error. Accordingly, the judgment of the trial court is affirmed.

### Facts and Procedural History

{¶3} On December 16, 2008, Davila made a written public records request to McVay, requesting access to 24 hour reel-to-reel tapes utilized by the East Liverpool Police Department to record 9-1-1 calls and radio traffic, "during the time that such a tape recording system was used." Davila further stated that he sought access to the tapes because he was "conducting a survey concerning the trends of response times for Ohio's safety forces over the years."

{¶4} Davila did not receive a response to his first request. On January 6, 2009, he sent a second request, this time seeking access to and copies of the forms the police department is required to provide to the Ohio Historical Society in order to get authorization to destroy public records. More specifically, Davila requested the department's (1) retention schedules, (2) certificates of records disposal, and (3) applications of one-time disposal for obsolete records.

{¶5} Davila ultimately received no response to his requests and on March 2, 2009, filed a complaint for writ of mandamus and alternatively for civil forfeiture in the Columbiana County Court of Common Pleas. He alleged in his complaint that he made requests for certain public records, to wit, the reel-to-reel tapes, that Appellee East Liverpool, through Appellee McVay, failed to produce. Davila sought an order requiring

Appellees to produce the tapes, or in the event they had been destroyed, civil forfeiture in the amount of $1,000.00 per record. Appellees answered.

{¶6} Both McVay and Davila were deposed. McVay, who had worked for the department in various capacities since 1975, testified that the Dictaphone-style tape-recording system at issue was used from the summer of 1992 to the spring of 1999, and that it recorded calls to the police as well as police radio traffic. The system had two reels, so as to allow for continuous recording. Each reel recorded for a 24-hour period. The reels were then re-used and taped over every seven days. McVay could not give the exact start- and end-dates for the system's use, but agreed the machine recorded the requested data from at least January 1, 1993 to December 31, 1998. This encompasses 2,191 days and hence 2,191 records. If the department needed the audio from the recording as evidence for a case, the officers would have recorded it onto a smaller tape player and saved it. However, usually, if the department sought information from the tapes, it would look to written radio logs which were made simultaneously. To that end, McVay explained that any information that might have been given over the radio that was pertinent would have been put on the radio log, including the officer's name, his dispatched location, the time of the call, and when the officer cleared the scene.

{¶7} McVay admitted he failed to respond to Davila's requests because he no longer had the tapes or any of the forms Davila requested. It is undisputed that the tapes have been destroyed and that Appellees did not obtain the proper authorization from the Ohio Historical Society to destroy or dispose of them.

{¶8} During Davila's deposition, he changed his reason for the public records request. Instead of stating that he was conducting a survey of police response times, as he did in his first public records request, he explained he wanted the tapes to see what "existed at the time to, one, improve upon that, and perhaps to see what other devices may do that, and perhaps create a marketing opportunity or an income opportunity." Further, when asked how he was "aggrieved" by not having the public records he sought, Davila essentially quoted the statutory language stating: "Well, I'm aggrieved by the removal, destruction, mutilation or transfer of by other damage to or disposition of the records which I have requested. That's how I'm aggrieved."

{¶9} After completing discovery, Davila filed a motion for summary judgment, and Appellees filed a cross-motion. Appellees' chief argument in their cross-motion for summary judgment was that Davila was not an "aggrieved" person under R.C. 149.351(B)(2). In support of their cross-motion, Appellees attached an affidavit from McVay, in which he averred that Appellees have radio logs for the entire period in question, January 1, 1993, through December 31, 1998. McVay claimed the radio logs contain all of the information that would have been contained on the audio reel-to-reel tapes, and in some cases, more information. A sample radio log was attached as Exhibit 1 to McVay's affidavit. Appellees argued that, in light of the availability of the logs, Davila cannot show that he was "aggrieved" by the destruction of the tapes and that he is therefore not entitled to the forfeiture penalty. Appellees also filed evidence of similar public records mandamus/civil forfeiture lawsuits filed by Davila, and his alleged "associates" around Ohio, in an attempt to demonstrate that Davila was only interested in making money and not in the content of the tapes themselves.

{¶10} To counter this argument, Davila stated in his affidavit filed with his brief that the impetus for his interest in the tapes was the recent debate in his home county regarding the implementation of an emergency county-wide 9-1-1 dispatch service. He stated that this debate "caused him to question if advances in technology over the years has actually aided in the rendering of emergency services." To that end, he sought the tapes to determine "whether technological advances enabled the officer on beat to receive the information he requests in a shorter amount of time." Further, he "was interested in knowing if there were any needs or economic opportunities that might be revealed by studying the impact of technology on emergency services."

{¶11} Davila averred that the data he sought, i.e. "the precise time from request to request – are only captured on recordings and it is not available from any other source. Even radio/call logs are an untrustworthy source because of human error. A dispatcher may forget to write down the information when it comes in or may delay writing it down until he has a first responder free so response times appear shorter on paper than what they actually were."

{¶12} On March 16, 2010, the trial court denied Davila's summary judgment

motion and granted Appellees' motion, concluding that although Davila was an "aggrieved" person under the statute, his public records request was overbroad and therefore unenforceable. Davila filed a timely notice of appeal with this court on March 30, 2010.

## Standard of Review

{¶13} The trial court's grant of summary judgment is reviewed de novo. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264,. If the moving party meets its initial burden of production, the nonmoving party bears a reciprocal burden to produce evidence on any issue for which that party bears the burden of proof at trial. Id. at 293.

## Overbroad Records Request

{¶14} In his sole assignment of error Davila asserts:

{¶15} "After finding that the public records Davila requested access to were unlawfully destroyed, the trial court erred in dismissing Davila's forfeiture action by concluding that Davila's request was overbroad and unenforceable."

{¶16} The trial court in this case concluded that Davila's public records request was "overbroad and unenforceable" as he sought tapes made on a twenty-four hour basis, covering 2,191 separate days in the mid-1990's. Davila claims this was erroneous for several reasons. First, he claims the request was not overbroad since he identified the records sought with sufficient clarity and particularity. Second, in his reply brief, Davila argues Appellees waived arguing his request was overbroad by failing to raise it as an affirmative defense.

{¶17} With regard to the waiver argument, Appellees counter that they were not

required to raise the issue as an affirmative defense, and that although they did not raise the issue in their motion for summary judgment, the trial court properly raised it sua sponte. They further claim that since Davila did not argue waiver within his assignments of error, he should not be permitted to raise the argument in his reply brief. Appellees are correct.

{¶18} As this court has recently stated in *Wells Fargo Bank, N.A. v. Jarvis*, 7th Dist. No. 08 CO 30, 2009-Ohio-3055, at ¶34-36:

{¶19} "[A] reply brief is not the place for briefing new substantive arguments that were not raised in appellant's brief. See App.R. 16(C).

{¶20} "Otherwise, an appellee would be better off not filing a brief at all as they are the party who tipped off appellants about their failures. Additionally, to hold otherwise, would result in a total deprivation of appellee's right to respond to what appellants end up arguing is the main issue on appeal.

{¶21} "Thus, we do not permit reply briefs to rectify omissions in an appellate brief; this is especially so in a civil case. See *Scibelli v. Pannunzio*, 7th Dist. No. 02 CA 175, 2003-Ohio-3488, ¶11; *Julian v. Creekside Health Ctr.,* 7th Dist. No. 03 MA 21, 2004-Ohio-3197, ¶81. See, also, *State v. Clark* (1988) 38 Ohio St.3d 252, 258, 527 N.E.2d 844 (even in a criminal case, the Supreme Court has held that appellate court did not err in refusing to address issue raised only in reply brief which claimed to clarify assignment of error but actually raised an entirely new assignment of error)." *Jarvis* at ¶34-36.

{¶22} With regard to Davila's substantive argument, R.C. 149.43(B)(2) provides :

{¶23} "To facilitate broader access to public records, a public office or the person responsible for public records shall organize and maintain public records in a manner that they can be made available for inspection or copying in accordance with division (B) of this section. A public office also shall have available a copy of its current records retention schedule at a location readily available to the public. If a requester makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public

record may deny the request but shall provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties."

**{¶24}** In *State ex rel. Zauderer v. Joseph* (1989)*,* 62 Ohio App.3d 752, 577 N.E.2d 444, the Tenth District held that a request for the production of all traffic reports of the Ohio State Highway Patrol on a specific date was unenforceable:

**{¶25}** "The indefiniteness of such a request renders it incapable of being acted upon and certainly unsuitable for mandamus.  Moreover, this general request, even if it could be defined, is, first, *unreasonable in scope* and, second, if granted, would interfere with the sanctity of the recordkeeping process itself.  R.C. 149.43 does not contemplate that any individual has the right to a complete duplication of the voluminous files kept by government agencies.  The right to inspection is circumscribed by endangerment to the safety of the record and/or unreasonable interference with the discharge of the duties of the records custodian.  *Barton v. Shupe* (1988), 37 Ohio St.3d 308, 525 N.E.2d 812." *Zauderer* at 756 (emphasis added.)

**{¶26}** In *State ex rel. Glasgow v. Jones* (2008), 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, the Court held that a citizen's request for all e-mail messages, text messages, and correspondence sent to and from a state representative over a general period of time in her official capacity was overly broad, and thus the citizen was not entitled to disclosure of the records under the Public Records Act.  Id. at ¶16-19.

**{¶27}** More recently, in *State ex rel. Dehler v. Spatny*, Slip Opinion No. 2010-Ohio-5711, the Ohio Supreme Court held that a prison inmate's request for access to all the records of the prison quartermaster's orders for, and receipt of, clothing and shoes for a period of over seven years was overbroad and unenforceable.  Id. at ¶3.

**{¶28}** Davila claims that since the tapes were used for a specific, ascertainable time period that his request is not overbroad.  However, the cases cited above stand for the proposition that a request can become so voluminous that it is overbroad and unenforceable.

**{¶29}** Further, *State ex rel. Margolius v. Cleveland* (1992), 62 Ohio St.3d 456, 584

N.E.2d 665, does not support Davila's argument. He is correct that in *Margolius* the relator requested access to and copies of approximately eight years of computer tapes that if printed would have made a stack eight to ten feet high. However the issue in that case was *not* whether that request was overly broad, but rather focused on the form of the records. That relator sought the tapes themselves, not the voluminous printout.

{¶30} The trial court here properly concluded Davila's request is overbroad and therefore unenforceable. Accordingly, Davila's sole assignment of error is meritless.

## Moot Issues

{¶31} In their response brief, Appellees argue that even if the trial court incorrectly determined that Davila's request was overbroad that the court correctly granted summary judgment because Davila is not an "aggrieved person" under R.C. 149.351(B)(2), the civil forfeiture provision of Ohio's Record Retention Law.

{¶32} Davila counters that we should not consider Appellees' argument because they failed to file a cross-appeal. However, a cross-appeal was not necessary. Under App.R. 3(C)(2), a cross appeal is not required when the arguments raised do not seek to change the judgment but merely raise alternative grounds in support of the judgment that were either ignored or overlooked by the trial court.

{¶33} However, we have determined that the trial court correctly concluded the request was overbroad and affirmed the judgment on that basis. Thus, whether Davila is an "aggrieved person" is a moot issue and we need not address it. See App.R. 12(A)(1)(c).

{¶34} For the foregoing reasons, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.