[Cite as *Smith v. Degen*, 2012-Ohio-3749.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

DAVID SMITH,

    RELATOR-APPELLANT,            CASE NO. 1-12-04

    v.

WILLIAM DEGEN, TRUSTEE, ET AL.,        O P I N I O N

    RESPONDENTS-APPELLEES.

Appeal from Allen County Common Pleas Court
Trial Court No. CV2011 0329

**Judgment Affirmed**

**Date of Decision: August 20, 2012**

APPEARANCES:

    *Brian J. Vennekotter* for Appellant

    *Michael A. Rumer and Alissa M. Sterling* for Appellees

**PRESTON, J.**

{¶1} Relator-appellant, David Smith, appeals the Allen County Court of Common Pleas' grant of summary judgment in favor of respondents-appellees, William Degen, Trustee, et al. We affirm.

{¶2} This case stems from Smith's requests for public records from the Bath Township Board of Trustees (hereinafter "the board"). On May 6, 2011, Smith, pro se, filed a complaint for writ of mandamus against current and former trustees, the Bath Township Zoning Inspector, the Bath Township Financial Officer, the Bath Township Clerk, an Allen County Sherriff's Deputy, and the board's attorney, Michael A. Rumer. (Doc. No. 1).

{¶3} On June 27, 2011, several of the respondents filed a joint motion to dismiss under Civ.R. 12(B)(6), arguing that they were not responsible for the public records; and therefore, not properly named as parties to the action. (Doc. No. 24).

{¶4} On July 8, 2011, Smith filed a motion for an extension of time to respond to the motion to dismiss and obtained counsel. (Doc. Nos. 26, 28). On July 12 and 27, 2011, the trial court granted extensions of time for Smith to respond to the motion. (Doc. Nos. 27, 29-30).

{¶5} On August 10, 2011, Smith filed a motion for leave to file an amended complaint, to which the parties had previously stipulated. (Doc. No. 31). The trial

court granted Smith leave that same day. (Doc. No. 32). The complaint was also filed that same day naming Bath Township and Ruth Hollenbacher, the fiscal officer, as defendants-respondents. (Doc. No. 33). The trial court dismissed all other parties named in the original complaint pursuant to the parties' stipulations. (Doc. No. 32).

{¶6} On November 14, 2011, respondents filed a motion for summary judgment. (Doc. No. 38). On December 12, 2011, Smith filed a response. (Doc. No. 40).

{¶7} On January 17, 2012, the trial court granted respondents' motion for summary judgment, finding that mandamus was inappropriate since respondents had already provided Smith with all the records in their possession or provided Smith with access to the same. (Doc. No. 47). The trial court also found that Smith was not charged in excess for the copies of the public records since he was given an account credit. (*Id*.).

{¶8} On January 27, 2012, Smith filed a notice of appeal. (Doc. No. 48). Smith now appeals raising one assignment of error.

### Assignment of Error

**The trial court committed reversible error by granting summary judgment in favor of Bath when there is a genuine issue of material fact whether the public records were provided and at the proper cost.**

{¶9} In his sole assignment of error, Smith argues that the trial court erred in granting respondents summary judgment since there remained a genuine issue of fact; to wit: whether respondents actually provided Smith with the public records at issue and at the proper cost. We will discuss Smith's records requests by date followed by his argument respecting the duplication costs.

{¶10} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

{¶11} Ohio's Public Records Act provides, in relevant part, that "all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. * * * upon request, a public office or person responsible for public records shall make copies of the requested public record available *at cost* and within a reasonable period of time. R.C. 149.43(B)(1) (emphasis added). If the public office or person responsible for the public records fails to comply with R.C. 149.43(B)(1), an aggrieved party may file a mandamus action compelling the

public office or person responsible for the public records to comply with the statute. R.C. 149.43(C)(1); *State ex rel. Cincinnati Enquirer v. Craig*, 132 Ohio St.3d 68, 2012-Ohio-1999, ¶ 11.

{¶12} Generally, mandamus is only appropriate when the relator demonstrates a clear legal right to the relief sought; a clear legal duty of the respondent to perform the requested action; and, the lack of an adequate remedy at law. *Trans Rail Am., Inc. v. Enyeart*, 123 Ohio St.3d 1, 2009-Ohio-3624, ¶ 45. However, "[r]elators in public-records mandamus cases need not establish the lack of an adequate remedy in the ordinary course of law." *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, ¶ 24.

**April 24, 2009**

{¶13} On April 24, 2009, Smith hand delivered a document to Bath Township Clerk, Janet Mauk, requesting over 14 items, including "all comments made at meetings concerning Me and my property * * * from 1986 to present" and "all correspondence sent to me concerning this property." (Doc. No. 33, Ex. A); (Doc. No. 38, Ex. 1). Smith also requested details concerning funding for a Bath Township clean-up; statistics concerning the number of valid complaints filed against property owners; the number of complaints Hollenbacher filed with and

without merit; and various other inquiries related to the trustees' pay and benefits and various zoning questions. (*Id.*); (*Id.*).

{¶14} On May 7, 2009, the board responded to Smith's public records request by letter, indicating that his request was overly broad and unclear. (Doc. No. 33, Ex. B); (Doc. No. 38, Ex. 2). The board advised Smith that it was willing to provide him copies of any public record if he particularly described the record. (*Id.*); (*Id.*).

{¶15} Smith argues that a genuine issue of material fact remains because respondents failed to provide the documents he requested on April 24, 2009 and did not provide him an opportunity to revise his request. We disagree. Many of the items Smith requested would have required the respondents to compile information from existing records, and the respondents have no duty to do so. *State ex rel. White v. Goldsberry*, 85 Ohio St.3d 153, 154 (1999), citing *State ex rel. Kerner v. State Teachers Retirement Bd.*, 82 Ohio St.3d 273, 274 (1998), and *State ex rel. Lanham v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 425, 427 (1997). Several of Smith's requests also called for legal advice, which is not a "public record" under R.C. 149.43(A). Aside from that, many of Smith's requests, like his request for "all comments made at meetings concerning Me and my property * * * from 1986 to present," were overly broad. *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314-315 (2001) (request for "any and all records generated * * *

containing any reference whatsoever" to relator was overly broad). Smith did not clarify and resubmit his public records request after the board informed him it did not comply with the public records statute. The board had no duty to provide Smith with any public records based upon his overly broad and non-compliant request.

**May 12, 2009**

{¶16} On May 12, 2009, Smith requested a copy of the Bath Township rules for special meetings and rescheduling meetings. (Doc. No. 33, Ex. E); (Doc. No. 38, Ex. 3). The trustees responded by letter that same day informing Smith that townships are governed by the Ohio Revised Code, and the board uses Roberts Rules of Order for its meetings. (Doc. No. 33, Ex. G); (Doc. No. 38, Ex. 4).

{¶17} Smith argues that a genuine issue of fact remains since the respondents failed to provide him a copy of the aforementioned rules he requested on May 12, 2009. The respondents informed Smith that no such record exists, that the board is governed by the Ohio Revised Code, and its meetings are governed by Roberts Rules of Order. (Doc. No. 38, Ex. 4). On November 18, 2009, Smith was again informed that no special rules exist, that regular meetings for the calendar year are scheduled at the last meeting of the previous year or the first meeting of the current year, and that special meetings are set as needed and recorded in the

minutes of the regular meetings. (*Id.*, Ex. 12). Smith acknowledges that the rule was adopted at a regular board meeting, and he was provided a copy of the meeting minutes from 1986 to June 2009. (Appellant's Brief at 7); (Doc. No. 38, Exs. 5-7). Therefore, Smith was provided copies of all the records evidencing the regular and special meetings of the board of trustees and any rules related thereto. "[P]roviding the requested records to the relator in a public-records mandamus case renders the mandamus claim moot." *State ex rel. Toledo Blade Co. v. Toledo–Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, ¶ 14.

### June 12 & 19, 2009

{¶18} On May 22, 2009, Smith hand delivered a public records request to the board seeking eight items, including: (1) the board's meeting minutes from 1986 to the present; (2) all correspondence from the township to him from 1986 to the present; (3) the budgets or any document listing expenditures/allocations for 2006 through 2009; (4) all public nuisance complaints directed to the trustees; (5) any communications from any landowner(s) concerning the alleged public nuisances; (6) the job description or any document describing the job duties, requirements, and responsibilities of trustees and the township fiscal officer; (7) any employment contract or similar document for Roy and Ruth Hollenbacher; and (8) all zoning resolutions adopted from 1986 to the present, which request was refused. (Doc. No. 33, Ex. I). On June 2, 2009, Smith hand delivered this same

request to Mauk, which she refused. (*Id.*, Ex. J). On June 12, 2009, Smith hand delivered the same request for the third time, which was accepted. (*Id.*, Ex. K); (Doc. No. 38, Ex. 5).

{¶19} On June 15, 2009, the board advised Smith that it would prepare a cost estimate for privately reproducing items listed in request no. 1 above, which would be provided upon his prepayment of the cost estimate; it would accumulate and copy documents related to request nos. 2, 3, 4, and 5 above to the extent such documents are maintained as public records; with respect to request nos. 6 and 7 above, that the job description, authority, and powers of the trustees and fiscal officers are found in R.C. Chapters 505 and 507; and, that he may obtain a copy of the most recent township zoning resolution, along with any copies of zoning amendments, at the township house during regular business hours. (Doc. No. 33, Ex. L); (Doc. No. 38, Ex. 6).

{¶20} Smith argues that a genuine issue of material fact exists concerning whether the board provided him with the public records in request numbers 2, 4, 5, 6, 7, and 8 above. We disagree. With respect to request nos. 6 and 7, the board informed Smith that the information he sought was in R.C. Chapters 505 and 507. (*Id.*); (*Id.*). With respect to request no. 8, the board informed Smith that he could obtain copies of the zoning resolution and any amendments thereto from the office during normal business hours. This complies with Ohio's Public Records Act.

R.C. 149.43(B)(1). Concerning request nos. 4 and 5, the record indicates that no such public records exist. (Doc. No. 33, Ex. U). The board has no duty to create new documents to satisfy Smith's request. *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, ¶ 56, citing *Norris v. Budgake*, 89 Ohio St.3d 208, 209 (2000). Aside from that, Smith's request for all public nuisance complaints from 1986 to the present was overly broad. *State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 756 (10th Dist.1989) (request for "all traffic reports" of the Ohio State Highway Patrol was "unreasonable in scope and * * * would interfere with the sanctity of the recordkeeping process itself."); *State ex rel. Dehler v. Spatny*, 127 Ohio St.3d 312, 2010-Ohio-5711, ¶ 3 (request for the prison quartermaster's orders for and receipt of clothing and shoes over seven years was overbroad because it sought what amounted to a complete duplication of the quartermaster's records).

**{¶21}** In request no. 2, Smith sought "[a]ll correspondence from Bath Township, Bath Township Board of Trustees, or any agent for the aforementioned to [him] from 1986 through the present." (Doc. No. 33, Ex. I); (Doc. No. 38, Ex. 5). Smith's subsequent request on June 19, 2009 clarified that he was seeking "[a]ll *emails* sent or received by Bath Township, Bath Township Board of Trustees, any other employees, associates, subcontractors or any agent for the aforementioned concerning [him] and or [his] property at 1601 reservoir [sic] Rd

Lima Ohio from 1986 through the present." (*Id.*, Ex. M) (emphasis added); (*Id.*, Ex. 8) (emphasis added). However, Mauk averred that she examined the public records maintained by Bath Township and no such emails existed, excepting those sent to its attorney. (Doc. No. 38, Ex. 9). Emails from Smith to the board's attorney also indicate that the only emails concerning Smith are those sent to counsel. (*Id.*, Ex. 10).

{¶22} On appeal, Smith asserts that he was specifically seeking emails concerning an injunction Bath Township sought and obtained against him, which this Court affirmed in *Campbell v. Smith*, 3d Dist. No. 1-10-79, 2011-Ohio-3002. Respondents argue that the emails are "trial preparation records," specifically excluded from the definition of "public records" under R.C. 149.43(A)(1)(g). Smith, on the other hand, argues that the emails are no longer protected by R.C. 149.43(A)(1)(g) since the litigation is now final. We need not decide whether or not the emails in question are protected by R.C. 149.43(A)(1)(g), however, because Smith's request was overly broad. *See Joseph*, 62 Ohio App.3d at 756; *Spatny*, 2010-Ohio-5711, at ¶ 3. Furthermore, "'it is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue.'" *New Lexington*, 2006-Ohio-6365, at ¶ 29, quoting *State ex rel. Fant v. Tober* 8th Dist. No. 63737, *1 (Apr. 28, 1993), affirmed in *State ex rel. Fant v. Tober*, 68 Ohio St.3d 117 (1993). Since Smith's request was

overly broad and not reasonably clear, the board did not violate Ohio's Public Records Act by failing to meet Smith's request.

**{¶23}** Consequently, with respect to Smith's June 12 and 19, 2009 requests, no material issue of fact remained since the board did not have a duty to provide public records for Smith's overly broad requests and provided Smith with all the public records that actually existed.

**November 17, 2009**

**{¶24}** At the November 17, 2009 trustees' meeting, Smith requested "details" concerning "warrant # 26093," a copy of all financial statements after the June 16, 2009 statement ending with warrant # 26136 to the present date, and scheduling and notice rules for special and rescheduled meetings. (Doc. No. 33, Ex. R); (Doc. No. 38, Ex. 11). By letter dated November 18, 2009, the trustees informed Smith that his first request is not a public records request since it asks for information, not a record; that no financial statements exist; and, that no rules for special meetings or rescheduled meetings exist but the same are decided at the prior meeting and are reflected in the meeting minutes. (Doc. No. 33, Ex. S); (Doc. No. 38, Ex. 12). On November 19, 2009, Smith sent an email advising the trustees that, instead of his earlier requests, he now requested a copy of warrant # 26093, copies of the Payment Register from June 16, 2009 forward, and a copy of the

notice requirement for special meetings put in place December 30, 2008. (Doc. No. 33, Ex. T).

{¶25} Smith argues that a question of material fact remains concerning whether the board provided item number 3, a copy of the rules on public notice of special meetings and rescheduled meetings. We disagree. Bath Township Fiscal Officer Ruth Hollenbacher averred that no record exists for disclosure. (Doc. No. 38, Ex. 9). The board has no duty to create new documents to satisfy Smith's request. *New Lexington*, 2006-Ohio-6365, at ¶ 56, citing *Norris*, 89 Ohio St.3d at 209. Besides that, Smith has been provided a copy of the meeting minutes from the December 30, 2008 regular board meeting, so respondents have provided the relevant public record. Therefore, no material issue of fact remains concerning the disclosure of this item.

### February 15, 2011

{¶26} On February 15, 2011, Smith hand delivered a written request for the date when Bath Township adopted language pertaining to R.C. 505.173 (concerning the storage of junk motor vehicles), a copy of the language as it appears in the zoning ordinance, a copy of the meeting minutes when the language was adopted, and a copy of the public notices sent out for the trustees' meeting where such language was adopted. (Doc. No. 33, Ex. AA); (Doc. No. 38, Ex. 13). On February 18, 2011, trustee Bill Degen responded to the request via email

indicating that he was uncertain which records Smith was requesting. (Doc. No. 38, Ex. 14). After Smith's subsequent clarification, Degen notified Smith via email that he had retrieved the meeting minutes he was requesting and to advise him when he would be able to come retrieve them. (*Id*.)

{¶27} Smith argues that respondents failed to provide him the information he requested, but instead, provided him with a copy of the zoning book and all meeting minutes from June 2009 to present. The record indicates that Smith was provided exactly what records he requested. In Smith's March 7, 2011 email to Trustee Degen, Smith stated, "I would be happy to review the meeting minutes from June 2009 to date. Just have Jane get these together * * *." (Doc. No. 38, Ex. 14). Trustee Degen advised Smith the next day that he had the meeting minutes Smith requested at the township building for his review. (*Id*.). Trustee Degen also submitted an affidavit stating that he provided the aforementioned records as Smith requested. (*Id*., Ex. 15). "[P]roviding the requested records to the relator in a public-records mandamus case renders the mandamus claim moot." *Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, at ¶ 14.

### Duplication Costs

{¶28} As a final matter, Smith argues that the trial court erred in granting respondents summary judgment on his claim concerning his overpayment for copies of the public records. We disagree.

{¶29} R.C. 149.43(B)(1) requires that copies of public records be provided "at cost." "This means actual cost and does not include labor costs regarding employee time to respond to the request and make the copies." *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, ¶ 43, citing *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 625-626 (1994); *State ex rel. Slagle v. Rogers*, 103 Ohio St.3d 89, 2004-Ohio-4354, ¶ 6. "[A] public office, in its sound discretion, may adopt a reasonable policy setting a fee for copies obtained from the public office, *with the fee reflecting the actual costs involved in making a copy*, unless the cost is otherwise set by statute." *Hutson*, 70 Ohio St.3d at 625 (emphasis added), citing 1989 Ohio Atty.Gen.Ops. No. 89-073 and *State ex rel. Nelson v. Fuerst*, 66 Ohio St.3d 47, 48 (1993).

{¶30} According to Bath Township's public records policy, "[t]he cost of obtaining copies of Bath Township public records is: 1 (one) through 15 (fifteen) copies, no charge; 16 (sixteen) copies or more, 10 (ten) cents per copy." (Doc. No. 38, Ex. 16); (Doc. No. 38, Ex. 7). On July 2, 2009, the board advised Smith that he would need to prepay the following duplication costs:

| | |
|---|---|
| Meeting Minutes 1986 – present | 3602 pages |
| Budget from 1986 – present | 397 pages |

Total pages 3999 less 15 free pages equals 3984 pages. The charge

is $0.10 per page or $398.40. The charges are consistent with the

township policy, a copy of which is attached. (Doc. No. 33, Ex. O).

On July 7, 2009, Smith prepaid respondents the estimated duplication costs of $398.40 by check number 5335. (Doc. No. 33, Ex. P); (Doc. No. 38, Exs. 6-7). Since Smith's request was quite voluminous, though, respondents sent the public records to an independent contractor, Quick as a Wink, for duplication. (Doc. No. 38, Ex. 15). According to emails between Trustee Degen and Smith, Smith's initial records request, which respondents estimated would require 3,984 copies at a cost of $398.40, only required 3,740 copies at ten cents per copy (per Bath Township's public records policy) for a total of $374.00. (*Id*., Ex. 17). Therefore, Smith was then provided with a $24.40 ($398.40 - $374.00) credit on his printing account with respondents. (*Id*., Exs. 7, 15).

{¶31} Respondents argue that Smith was properly charged according to its public records policy and properly refunded the extra $24.40 he prepaid. Smith, however, argues that the record contains evidence that respondents' actual duplication cost was only $317.23.

{¶32} Quick As A Wink Printing Co. Invoice # 13502, dated July 13, 2009 and charged to Bath Township Trustees, for "Copies ran on copier – 1986 to 2009—all sizes" totaling $317.23 is attached to Smith's amended complaint. (Doc.

No. 33, Ex. Q). This invoice appears to reflect the total duplication cost for the public records Smith requested and for which he paid respondents $374.00, after the refund. Invoices, however, are not among Civ.R. 56(C)'s exclusive list of documentary evidence that may be considered in response to a summary judgment motion. *Christe v. GMS Mgt. Co.*, 124 Ohio App.3d 84, 90 (9th Dist.1997); *Drawl v. Cornicelli*, 124 Ohio App.3d 562, 569 (11th Dist.1997). "Other documentary evidence may be admitted; however, the appropriate method to introduce this evidence is by way of an affidavit that complies with Civ.R. 56(E)." *Drawl*, 124 Ohio App.3d at 569, citing *Martin v. Cent. Ohio Trans. Auth.*, 70 Ohio App.3d 83, 89 (10th Dist.1990). Smith did not submit an affidavit authenticating and incorporating the invoice. While a trial court may, in its sound discretion, consider evidence not authorized under Civ.R. 56(C) where no objection is made, it is not required to do so. *Felker v. Schwenke*, 129 Ohio App.3d 427, 431 (8th Dist.1998); *State ex rel. Spencer v. East Liverpool Planning Com'n*, 80 Ohio St.3d 297, 301 (1997), citing *Bowmer v. Dettelbach*, 109 Ohio App.3d 680, 684 (6th Dist.1996).

{¶33} Since Smith failed to present any evidence of the type listed in Civ.R. 56(C) concerning his alleged overpayment of duplication costs, and the respondents presented Trustee Degen's averment that Smith was refunded for his

overpayment of duplication costs, the trial court did not err in granting respondents summary judgment on this issue.

**{¶34}** Smith's assignment of error is, therefore, overruled.

**{¶35}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**