[Cite as *State ex rel. Todd v. Canfield*, 2014-Ohio-569.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. EDWARD TODD | ) | CASE NO. 11 MA 209 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| THE CITY OF CANFIELD, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from the Court of Common
                                 Pleas of Mahoning County, Ohio
                                 Case No. 09 CV 2107

JUDGMENT:                        Affirmed.
                                 Mandamus and Forfeiture Dismissed.


APPEARANCES:
For Plaintiff-Appellant:          Atty. William E. Walker
                                  P.O. Box 192
                                  Massillon, Ohio  44648-0192

                                  Atty. R. Paul Cushion, II
                                  75 Public Square, Suite 1111
                                  Cleveland, Ohio  44113-2083


For Defendants-Appellees:         Atty. John T. Mclandrich
                                  Frank H. Scialdone
                                  Mazanec, Raskin & Ryder Co., L.P.A
                                  100 Franklin's Row
                                  34305 Solon Road
                                  Cleveland, Ohio  44139


JUDGES:
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                  Dated:  February 14, 2014

WAITE, J.

{¶1} Appellant Edward Todd appeals the decision of the Mahoning County Common Pleas Court to deny his mandamus action. Appellant sought the production of all reel-to-reel tapes recorded by Appellee, the City of Canfield Police Department, during the period when reel-to-reel tape was used by the department. The department denied Appellant's original records request due to the fact that this system had not been in use since the 1980s and the tapes had since been destroyed. The denial spurred suit by Appellant.

{¶2} On appeal, Appellant contends that Appellee should have been barred from arguing that his request was overbroad because Appellee did not raise overbreadth as an affirmative defense. Appellant also argues that the trial court erred in concluding that the request was overbroad as a matter of law without an evidentiary hearing when he claims that his complaint contained sufficient facts that would entitle him to relief. Based on the record before us, Appellant's four assignments of error are without merit and are overruled. The judgment of the trial court is affirmed.

Factual and Procedural History

{¶3} Appellant initiated the underlying mandamus and forfeiture action on June 5, 2009 in response to the Canfield Police Department's failure to respond to his requests for records retention schedules, certificates of records disposal, and applications for the disposal of obsolete records. In addition to seeking a response to and production of the records related to retention policy and disposal protocols, Appellant also sought performance of his previously denied request for copies of all

reel-to-reel tape recordings made by the department when the reel-to-reel system was in use. In the alternative, Appellant sought civil forfeiture, attorney fees, and costs pursuant to R.C. 149.351(B)(2) for the destruction of the records. Appellant's mandamus action was filed in the Mahoning County Common Pleas Court.

{¶4} Appellant filed a first set of requests for admission simultaneously with his complaint. Appellee and Appellant agreed to various extensions of time for discovery responses, until Appellee's answer and response to requests for admission were filed on or about September 9, 2009.

{¶5} On February 17, 2010, before any trial date or deadlines for dispositive motions had been scheduled, and while the parties were still engaged in discovery, Appellee filed a motion for leave to file an amended answer instanter. Appellee's amended answer included a jury demand and affirmative defenses that were not included in the original answer. Appellant opposed Appellee's motion for leave to amend and sought to strike the jury demand. The trial court granted Appellee's motion for leave instanter and denied Appellant's motion in opposition.

{¶6} In October of 2010 the matter was stayed, at the request of the parties, pending the Ohio Supreme Court's ruling in *Rhodes v. City of New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-1347. When the stay was lifted in July of 2011, Appellee filed a motion for judgment on the pleadings. Appellant filed a motion for summary judgment and sought additional time to respond to Appellee's motion for judgment on the pleadings. Appellee opposed Appellant's motion for additional time and filed a cross-motion for summary judgment.

**{¶7}** The trial court denied Appellant's motion for additional time to respond to Appellee's motion for judgment on the pleadings, and set this motion for hearing. The trial court granted Appellee's motion for judgment on the pleadings. Appellant filed a timely appeal.

<u>Argument and Law</u>

<u>ASSIGNMENT OF ERROR NO. 1</u>

The trial court erred to Todd's prejudice when it permitted Appellees to assert an affirmative defense that they had waived under the civil rules by not raising it in the pleadings.

<u>ASSIGNMENT OF ERROR NO. 2</u>

The trial court erred to Todd's prejudice when it found that Todd's public records request was overly broad as a matter of law without considering the context of the circumstances surrounding it.

<u>ASSIGNMENT OF ERROR NO. 3</u>

The trial court erred to Todd's prejudice when it dismissed his mandamus petition without an evidentiary hearing after Todd established a prima facie case entitling him to mandamus relief.

<u>ASSIGNMENT OF ERROR NO. 4</u>

The trial court erred to Todd's prejudice when it dismissed Todd's petition even though Todd pled sufficient facts that if true would have entitled him to relief.

{¶8}    Appellant appeals the trial court's decision to dismiss his mandamus action pursuant to Civ.R. 12(C).  Because Appellant's four assignments of error all address aspects of the Civ.R.12(C) decision to dismiss, and a finding that the decision was proper will resolve all issues on appeal, the assignments will be considered together.

{¶9}    The instant action was filed by Appellant pursuant to R.C. 149.43(B), which provides:

(1)  Upon request * * * all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours.  * * *  [U]pon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time.  If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record that is not exempt. * * *

* * *

(3)  If a request is ultimately denied, in part or in whole, the public office or the person responsible for the requested public record shall provide the requester with an explanation, including legal authority, setting forth why the request was denied.  If the initial request was provided in

writing, the explanation also shall be provided to the requester in writing. The explanation shall not preclude the public office or the person responsible for the requested public record from relying upon additional reasons or legal authority in defending an action commenced under division (C) of this section.

Appellant's public record request was made in writing, in a letter dated January 11, 2009. Appellant directed his request to the Canfield Police Department as follows:

I understand that your department used a reel-to-reel audio recording device similar to a "Dictaphone" style system. And, that this system recorded telephone calls and radio traffic on both a primary and back-up set of 24 hour reel-to-reel tapes. [sic] I also understand that these tapes were routinely changed at midnight. With these facts in mind, I am hereby making a public records request for the following:

Reel-to-Reel Tapes: I am requesting access to your departments [sic] collection of the above described reel-to-reel tapes. This request specifically includes both the primary and the back-up tapes that your department used over the years during the time that such a tape recording system was used.

(Complaint, Exh. A.) The department's timely written response to Appellant's request was made on January 16, 2009:

The Reel to Reel tapes you inquired about reviewing for a response time survey are not available. Canfield Police Department has not used

this type of system since the 1980's [sic] and the tapes have been disposed of according to Ohio public records laws and procedures.

(Complaint, Exh. C.) Appellant responded to this denial of his public records request by making a second request seeking the disposal protocols and disposal records relevant to the destruction of the recordings. The department did not respond to Appellant's second request.

{¶10} "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C). A Civ.R. 12(C) motion is specifically limited to resolving questions of law. *Case Western Reserve Univ. v. Friedman*, 33 Ohio App.3d 347, 348, 515 N.E.2d 1004 (1986). The Supreme Court of Ohio has held that this type of dismissal is appropriate only when "a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

{¶11} A judgment on the pleadings is improper if the plaintiff has raised a reasonable inference that might entitle him to relief. *Flanagan v. Williams*, 87 Ohio App.3d 768, 772, 623 N.E.2d 185 (1993). When considering a motion under Civ.R. 12(C), the trial court can consider only the face of the pleadings; the motion cannot be supported by facts outside the pleadings. *Epperly v. Medina City Bd. of Edn.*, 64 Ohio App.3d 74, 580 N.E.2d 807 (1989), citing *Conant v. Johnson*, 1 Ohio App.2d 133, 204 N.E.2d 100 (1964). Further, appellate review of a Civ.R. 12(C) motion is *de*

*novo*, and a reviewing court will reverse a judgment on the pleadings if the plaintiffs can prove a set of facts that would entitle them to relief. *Flanagan, supra*.

**{¶12}** As a preliminary matter, Appellant contends that the trial court erred in allowing Appellee to raise an affirmative defense not found in its answer in support of its motion for judgment on the pleadings. Appellant is mistaken. Appellant does not offer any legal basis for his contention that Appellee must assert "overbroad and therefore unenforceable" as an affirmative defense. *Compare State ex rel. Davila v. E. Liverpool*, 7th Dist. No. 10 CO 16, 2011-Ohio-1347, ¶30.

**{¶13}** As Appellee notes, legal defects in a party's prayer for relief are not among the affirmative defenses listed in Civ.R. 8(C). The rule does include a catch all provision, which requires that "any other matter constituting an avoidance or affirmative defense" be included in the pleading or incorporated as an amendment to the pleading. Civ.R. 8(C). The Ohio Supreme Court describes an affirmative defense as one which "assumes establishment of a prima facie case," *Gallagher v. Cleveland Browns Football Co.*, 74 Ohio St.3d 427, 432, 659 N.E.2d 1232 (1996), fn. 3. An assertion that "directly attacks" an element of a *prima facie* case, "rather than accepting the allegations of the complaint as true" is "not an affirmative defense." *Id.* "'An affirmative defense is any defensive matter in the nature of a confession and avoidance. It admits that the plaintiff has a claim (the "confession") but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the "avoidance").'" (Internal citation omitted). *State ex rel. The Plain Dealer Pub. Co. v. Cleveland*, 75 Ohio St.3d 31, 33, 661 N.E.2d 182 (1996).

{¶14} The assertion that a public records request is overly broad and unenforceable is not an affirmative defense because it directly attacks an element of Appellant's *prima facie* case and does not assume or confess the elements of the mandamus action. To establish a *prima facie* case for mandamus or forfeiture, Appellant's claims must be based on a valid records request. Raising a defect in the underlying request is clearly not a confession of the elements of mandamus. Instead, such a challenge directly addresses a necessary element of the *prima facie* claim. The trial court did not err by allowing Appellee to argue that Appellant's request was overly broad and unenforceable because this legal assertion is not governed by Civ.R. 8.

{¶15} In concluding that Appellant's request is overly broad and unenforceable the trial court determined that Appellant had not satisfied his burden to establish a *prima facie* case justifying relief and was not subject to waiver under Civ.R. 12. Having concluded that Appellee did not waive the enforceability issue, the remaining question is whether the trial court's legal conclusion that the request is overbroad and unenforceable was error.

{¶16} The trial court's decision dismissing Appellant's complaint explicitly relied on our decision in *State ex rel. Davila, supra*, and the Ohio Supreme Court's decision in *Rhodes, supra.* In *Davila* we evaluated a decision of the Columbiana County Common Pleas Court finding that an identically worded public records request was overly broad and unenforceable. The appellant in *Davila* sought all reel-to-reel tapes used by the East Liverpool Police Department "during the time that such a tape recording system was used" because he was "conducting a survey concerning

the trends of response times for Ohio's safety forces over the years." *Davila, supra,* ¶3. This request contained the exact language used by Appellant. In *Davila*, unlike the matter at bar, the department did not respond to the initial request or to the subsequent request for record retention policies (which is again identical to the request filed by Appellant), because the tapes were no longer in use and had been destroyed. Despite the department's failure to respond to the initial request and the fact that the department did not raise overbreadth as a defense or in an argument in support of its cross-motion for summary judgment, we affirmed the trial court's *sua sponte* decision that the request was overbroad and unenforceable as a matter of law. Appellant does not address *Davila* in his brief, instead focusing on *O'Shea & Assocs. Co. L.P.A. v. Cuyahoga Metro. Housing Auth.*, 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297.

{¶17} Appellant is mistaken in his reliance on *O'Shea* and on *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208. In both *O'Shea* and *Morgan*, the Ohio Supreme Court evaluated a public entity's contention that records requests were unenforceable because they were directed at general types of information rather than specific records. In both decisions, the Supreme Court granted the records requests only after subsequent clarifications of the requests to include listing the specific records sought and the actual time periods covered by the requests. The appellants in those cases never properly requested records at all, however, the subsequent clarifications of their requests changed their improper requests into appropriate records requests that resulted in the production of records.

{¶18} These facts do not in any way correspond to the request found in the case at bar. In this matter, Appellant did seek specific records as opposed to generalized categories of information. He sought production of certain tapes. His request, however, was for all records made during an unspecified period of time that was clearly vast in scope, encompassing entire days over a number of years. It is equally apparent that Appellant would be aware that the documents sought would no longer be in existence.

{¶19} In addition to Appellant's misplaced reliance on *O'Shea* and *Morgan*, Appellant also relies on responses to requests for admission or affidavits. However, that material is outside the record and irrelevant in our review of the trial court's decision to grant relief under Civ.R. 12(C). *Epperly v. Medina City Bd. of Edn., supra.* Appellant completely ignores the relevant context provided by the trial court and by Appellee, and ignores the law found in *Rhodes* and *Davila*, which dealt with identical requests filed in this state and which have as their only apparent purpose the explanation of the statutory damages provision of R.C. 149.43.

{¶20} In *Davila*, we determined that a request for identifiable records may nevertheless be "so voluminous that it is overbroad and unenforceable." *Id.* at ¶29. We adopted the reasoning of the Ohio Supreme Court in *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, where that Court rejected a request for all email messages, text messages, and written correspondence sent and received by a public official from the time he took office until the date of the request, stating:

It is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue. In identifying the records at issue, the Public Records Act "does not contemplate that any individual has the right to a complete duplication of voluminous files kept by government agencies."

For example, in *Zauderer*, * * *, the court held that a request that a police chief, county sheriff, and highway patrol superintendent provide access to "all traffic reports" was improper because it was "first unreasonable in scope and, second, if granted, would interfere with the sanctity of the recordkeeping process itself." And * * * we held that a request to a police chief for 'any and all records generated * * * containing "any reference whatsoever to Kelly Dillery" was overbroad and failed to identify that the relator actually wanted only offense and incident reports referring to her. (Internal citations omitted)

*Id.* at ¶17-18.

{¶21} We also noted in *Davila* our reliance on a sister district's opinion that a much narrower request for production seeking all traffic reports of the Ohio State Highway Patrol on a specific date was nevertheless unenforceably broad:

The indefiniteness of such a request renders it incapable of being acted upon and certainly unsuitable for mandamus. Moreover, this general request, even if it could be defined, is, first, unreasonable in scope and, second, if granted, would interfere with the sanctity of the

> recordkeeping process itself. R.C. 149.43 does not contemplate that any individual has the right to a complete duplication of the voluminous files kept by government agencies.

*State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 756, 577 N.E.2d 444 (1989). More recently, the Ohio Supreme Court held that a prison inmate's request for access to all the records of the prison quartermaster's orders for, and receipt of, clothing and shoes for a period of over seven years was overbroad and unenforceable. *State ex rel. Dehler v. Spatny,* 127 Ohio St.3d 312, 2010-Ohio-5711, 939 N.E.2d 831, ¶3.

{¶22} Again, *Davila* is virtually factually identical with this case. As Appellant has failed to address *Davila*, he has clearly failed to provide any legal or factual argument why this case should be readdressed and overturned. *Davila* remains the law in this district and is consistent with the law statewide on this issue. The trial court did not err in ruling that Appellant's request was overbroad and unenforceable. Appellant failed to establish a *prima facie* case that he was entitled to mandamus relief, and has failed to assert any legal basis for a show cause hearing on the subject. Because Appellant has not made a valid public records request, he is not entitled to either mandamus relief or forfeiture. Appellant's forfeiture claim is contingent on an enforceable records request. Our affirmation of the trial court's finding that Appellant's request was overbroad and unenforceable renders his forfeiture claim moot. Based on the judicial principle of *stare decisis* and consistent with the decisions of the Ohio Supreme Court in *Glasgow* and *Dehler*, Appellant's four assignments of error are without merit and are overruled.

## Conclusion

**{¶23}** Appellant's public records request was facially overbroad and unenforceable as a matter of law. Appellant failed to establish a *prima facie* case supporting his claim for mandamus relief. The trial court properly applied controlling precedent, and did not err in dismissing Appellant's complaint under Civ.R.12(C). Appellant's forfeiture claim was contingent upon the validity of the mandamus action. The dismissal of Appellant's mandamus action renders his forfeiture claim moot. Appellant's four assignments of error are overruled. The judgment of the trial court is affirmed in full and Appellant's mandamus and forfeiture claims are hereby dismissed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.