brief the issue stated in the court of appeals' Journal Entry Certifying Conflict to the Ohio Supreme Court, filed March 30, 1994.

WRIGHT, RESNICK and F.E. SWEENEY, JJ., dissent.

**94-1072.** Tent v. Metro Bldrs., Inc. *Cuyahoga County,* No. 63799. On motion for relief from judgment, motion to strike motion for leave to file memo in support of jurisdiction instanter, and motion for sanctions. Motions denied.

WRIGHT, J., dissents and would order sanctions in the amount of $250.

F.E. SWEENEY, J., dissents.

**94-1074.** State ex rel. Thomas v. Ohio State Univ. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of relator's motion to strike or, in the alternative, to toll filing time, and request for alternative writ establishing briefing schedule,

IT IS ORDERED by the court that relator's motion to strike or, in the alternative, to toll filing time, is hereby denied.

IT IS FURTHER ORDERED that relator's request for mandamus relief is denied to the extent that his public records request broadly sought respondents to search for records containing selected information. *State ex rel. Fant v. Tober* (Apr. 28, 1993), Cuyahoga App. No. 63737, unreported, affirmed in *State ex rel. Fant v. Tober* (1993), 68 Ohio St.3d 117, 623 N.E.2d 1201. However, to the extent that relator's request specified particular persons who, because of their positions, would be likely to have and maintain the records requested, and respondents have withheld some of these documents or redacted certain information from documents given to relator under claimed exemptions, *i.e.* attorney-client privilege and the constitutional right of privacy, an alternative writ is issued because relator's complaint in this limited extent may possess merit. Therefore,

IT IS FURTHER ORDERED, effective September 6, 1994, that relator's request for an alternative writ is hereby granted; an alternative writ is hereby issued pursuant to S.Ct.Prac.R. X(6); and the following schedule for the filing of records, evidence and briefs is set:

By September 19, 1994, respondents shall file an *index* of records supplied, records supplied with redactions, and records withheld.

By October 7, 1994, respondents shall file, *under seal,* those records which they claim are exempt from disclosure, in whole or in part, identifying each individual item in the records with an exhibit number in reference to the index previously supplied. The records shall be accompanied by a "notice of filing documents under seal" that shall be served upon relator.

By October 7, 1994, respondents shall file a brief in support of their claimed exemptions. The brief shall state the specific basis of exemption for each individual item, which respondents shall refer to by exhibit number and index reference. Respondents shall file with their brief any evidentiary materials, including affidavits, they intend to submit in support of their claimed exemptions.

By October 31, 1994, relator shall file his brief and any evidentiary materials in support of disclosure. The brief shall state the specific basis for disclosure of each individual item, which relator shall refer to by exhibit number and index reference.

By November 10, 1994, respondents shall file any reply brief.

Following submission of the index, records, briefs, and supporting evidentiary materials, the court will conduct an *in camera* inspection of the records and determine which records, if any, are subject to disclosure.

**94-1246.** Ameritech Ohio v. Pub. Util. Comm. Public Utilities Commission, No. 93-2069-TP-ACE. On motion for leave to intervene by Time Warner AxS of Northeast Ohio, L.P. Motion granted.

**94-1427.** Warren Cty. Commrs. v. Pub. Util. Comm. Public Utilities Commission, No. 90-1544-TP-SLF. On motion for leave to intervene by Ameritech Ohio. Motion granted.

**94-1528.** Colaluca v. Climaco, Climaco, Seminatore, Lefkowitz & Garafoli Co., L.P.A. Certified Question of State Law, No. 191CV2506. On preliminary memoranda pursuant to S.Ct.Prac.R. XVIII(6). The court will answer Question 1, noting specific postulates a, b, and c. (See Memorandum