[Cite as *State ex rel. Chasteen v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-1848.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Adam Chasteen,                   :

      Relator-Appellant,                   :
                                      No. 13AP-779

v.                                             :         (C.P.C. No. 12CVH10-13004)

Ohio Department of Rehabilitation             :       (ACCELERATED CALENDAR)
and Correction,
                               :

      Respondent-Appellee.                   :

                               :

D E C I S I O N

Rendered on May 1, 2014

*Adam Chasteen*, pro se.

*Michael DeWine*, Attorney General, and *Peter L. Jamison*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Relator-appellant, Adam Chasteen, appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of respondent-appellee, Ohio Department of Rehabilitation and Correction. For the reasons that follow, we affirm the judgment of the trial court.

## I. BACKGROUND

{¶ 2} According to appellant's complaint for mandamus relief, appellant was incarcerated at the Madison Correctional Institution ("MaCI") at all times relevant to this action. The complaint, filed pursuant to R.C. 149.43, alleges appellee refused to fulfill appellant's request for public records. Specifically, appellant's complaint alleges that

appellant made several public records requests through MaCI's kite system seeking MaCI policy 3A-16 that pertains to Inmate Bed Moves.[1]  According to the complaint, appellant requested MaCI policy 3A-16 through the kite system on August 10, 21, 23, and 29, 2012. In addition, the complaint alleges that on August 27, 2012, appellant sent a letter via certified mail requesting the following:

> a) A complete and full copy of each and all policies and documents associated with the "Madison Correctional Institution Policy List (2012)"
>
> b) ODRC Standards of Employee Conduct (most recent version)
>
> c) A copy of a contract made between the ODRC and the LexisNexis Company for a service called "LexisNexis Custom Solution/Rehabilitation and Corrections" which facilitates access to LexisNexis published materials for ODRC prison law libraries; as well as copies of any notes, correspondence (electronic or otherwise), memoranda, or any other record that pertains to the negotiation, terms, and conditions of the above-mentioned contract.
>
> d)  A copy of a contract made between the ODRC and the Dell, Inc. Company for use of Dell Computers in ODRC facilities; as well as copies of any notes, correspondence (electronic or otherwise), memoranda, or any other record that pertains to the negotiation, terms, and conditions of the above-mentioned contract.

(December 23, 2012 Amended Petition for Writ of Mandamus, 2.)  Alleging none of his requests were fulfilled, appellant seeks a writ of mandamus ordering appellee to prepare and produce the records requested by appellant and to do so without cost.  Appellant also seeks statutory damages, court costs, and reasonable attorney fees.

{¶ 3} Appellee filed a motion for summary judgment arguing that it fully complied with appellant's public records request and that statutory damages were not appropriate.  Appellee asserted its employees answered appellant's requests made pursuant to the kite system.  Additionally, appellee asserted it responded to appellant's

---

[1] The kite system is used within the institution to facilitate communications between inmates and prison personnel.

August 27 public records request with a written response dated October 5, 2012. Appellee supported its motion for summary judgment with copies of its responses to appellant's inquiries, as well as supporting affidavits. Appellee filed a memorandum contra, but did not submit any evidence in accordance with Civ.R. 56. After the matter was fully briefed by the parties, the trial court rendered a decision granting appellee's motion for summary judgment.

{¶ 4} In granting summary judgment to appellee, the trial court concluded appellee presented evidence that it made MaCI policy 3A-16 available for inspection and copying in the prison library. With respect to appellant's August 27 public records request and appellee's response thereto, the trial court concluded the evidence submitted by appellee demonstrated compliance with Ohio's public records law. In conclusion, the trial court granted appellee's motion for summary judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 5} This appeal followed, and appellant brings three assignments of error for our review:

> I. The trial court * * * erred by finding that ODRC complied with relator's public records request and failed to comply with Civ.R. 56.
>
> II. The trial court erred by granting summary judgment to relator ODRC.
>
> III. The trial court erred by finding appellant's public records requests to be overbroad in scope.

## III. DISCUSSION

### A. Standard of Review

{¶ 6} We review a summary judgment motion de novo. *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994), citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711 (4th Dist.1993). When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992); *Brown* at 711. We must affirm the trial court's judgment if any grounds the

movant raised in the trial court support it.  *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 7}   Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 8}   "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  " 'The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio law.' "  *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997), quoting *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).  Thus, the moving party may not fulfill its initial burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case.  *Dresher* at 293.

{¶ 9}   Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims.  *Id.*  If the moving party has satisfied its initial burden under Civ.R. 56(C), then "the nonmoving party * * * has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."  *Id.*

## B.  First Assignment of Error

{¶ 10} In his first assignment of error, appellant argues the trial court erred in concluding that it was reasonable for appellee to send its October 2009 response to the address appellant provided in his public records request.  This argument pertains to appellant's August 27 public records request seeking the four items previously outlined in this decision.

{¶ 11} The purpose of the Ohio Public Records Act "is to expose government activity to public scrutiny, which is absolutely essential to the proper working of a democracy."  *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro*, 80 Ohio St.3d 261, 264 (1997), citing *State ex rel. WHIO-TV-7 v. Lowe*, 77 Ohio St.3d 350, 355 (1997). Scrutiny of public records allows citizens to evaluate the rationale behind government decisions so government officials can be held accountable.  *White v. Clinton Cty. Bd. of Commrs.*, 76 Ohio St.3d 416, 420 (1996).  R.C. 149.43 must also be construed liberally in favor of broad access and any doubt must be resolved in favor of disclosure of public records.  *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374 (1996).

{¶ 12} R.C. 149.43 pertains to availability of public records and provides, in pertinent part:

> (B)(1) Upon request and subject to division (B)(8) of this section, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Subject to division (B)(8) of this section, upon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time. If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record that is not exempt. When making that public record available for public inspection or copying that public record, the public office or the person responsible for the public record shall notify the requester of any redaction or make the redaction plainly visible. A redaction shall be deemed a denial of a request to inspect or copy the redacted information, except if federal or state law authorizes or requires a public office to make the redaction.

(2) * * * If a requester makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request but shall provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties.

(3) If a request is ultimately denied, in part or in whole, the public office or the person responsible for the requested public record shall provide the requester with an explanation, including legal authority, setting forth why the request was denied. If the initial request was provided in writing, the explanation also shall be provided to the requester in writing.

* * *

(C)(1) If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(1) of this section.

If a requestor transmits a written request by hand delivery or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requestor shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person

responsible for public records failed to comply with an obligation in accordance with division (B) of this section.

{¶ 13} Together with its motion for summary judgment, appellee submitted an affidavit of T. Austin Stout, appellee's assistant chief counsel. According to Stout's affidavit, appellant's August 27 public records request was received on or about August 31. Stout averred he responded to appellant by letter dated October 5 and addressed the letter to appellant at MaCI, the address appellant included in his August 27 public records request. A copy of Stout's letter was attached to his affidavit.

{¶ 14} With respect to appellant's first requested item, i.e., policies and documents associated with MaCI's policy list, appellee responded that (1) the request was overbroad, and (2) its policies were available in the institution's law library. Regarding appellant's second requested item, i.e., appellee's standards of employee conduct, appellee stated that such item was available in the institution's law library. As for the contract between appellee and LexisNexis, appellee responded that said contract would be provided upon payment of copying costs and postage costs totaling $10.49. In response to appellant's fourth requested item, which was a contract between appellee and Dell, Inc., appellee stated that no such record existed. Stout averred in his affidavit that his correspondence was sent to appellant via U.S. Postal Mail on October 9, 2012 and was addressed to appellant at MaCI.

{¶ 15} In his memorandum contra to appellee's motion for summary judgment, appellant challenged "the validity and truthfulness" of Stout's assertion that appellee responded to appellant's August 27 public records request. (May 3, 2013 response, 3.) Additionally, appellant stated he was released from MaCI on September 30, 2012; therefore, even if Stout was truthful in his assertion that appellee mailed a response to appellant, he would not have received it because he was no longer incarcerated after September 30, 2012. Appellant also argued that use of regular mail was in error as appellee should have mailed its response via certified mail.

{¶ 16} The evidence provided by appellee established that appellee's response to appellant's August 27 public records request was sent to the address appellant provided in his request. Though contending appellee was being untruthful in this assertion, appellant provided no evidence to the contrary. With respect to his argument that, because he was

no longer incarcerated in October, appellee should have directed its response to a different address, the record is devoid of any allegation or evidence suggesting that appellant provided appellee with the new address. Further, appellant does not direct this court to any portion of the statute or related case law requiring a public office or public official to search for a new and changed address of the person requesting public records. Likewise, appellant has not directed this court, nor has this court's research revealed, any language in R.C. 149.43 or related case law requiring that a response to a public records request be sent by way of certified mail.

{¶ 17} Upon review of the record, we conclude appellee met its burden of establishing the absence of a genuine issue of material fact regarding the issue of whether it responded to appellant's August 27 public records request. Civ.R. 56(E) states that when a motion for summary judgment is properly made and supported, the nonmoving party may not rest upon the mere allegations or denials of the pleadings, but, instead, must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87. Appellant having failed to satisfy his reciprocal burden under Civ.R. 56(E) to set forth specific facts demonstrating a genuine issue of material fact existed for trial, we find no merit to appellant's first assignment of error.

{¶ 18} Accordingly, appellant's first assignment of error is overruled.

**C. Second Assignment of Error**

{¶ 19} In his second assignment of error, appellant argues summary judgment in favor of appellee was inappropriate. The essence of appellant's second assignment of error is that, despite the sworn statements of appellee's employees indicating its policies were made available in the institution's library, "many ODRC Policies were not available to the inmate population through the law library." (Appellant's brief, 7.) Thus, appellant does not contend that making the requested items available to inmates in the institution's library would not be sufficient; rather, appellant contends appellee is untruthful in its assertion that the policies were made available at all. According to appellant, this is evidenced by the number of kites he sent in August 2012.

{¶ 20} With its motion for summary judgment, appellee submitted the affidavit of Tim Brunsman, the warden's assistant at MaCI. Brunsman averred the attached kites and

corresponding responses were true and accurate copies of records kept by MaCI in the ordinary course of business. According to this evidence, appellant was informed that he was permitted access to MaCI policy 3A-16 and that the library had been notified of the same. Additionally, appellee submitted the affidavit of Randall Hawk, the librarian at MaCI's law library. Hawk averred that "[o]n or about August 28, 2012, Jondrea Parrish of MaCI Inspector Institution Services directed Library Staff to make MaCI Policy 3A-16 available to inmates," and that "[u]pon receiving this directive, on or about August 28, 2012, MaCI library staff made MaCI Policy 3A-16 available to all inmates at the institution." (Hawk Affidavit, 1.)

{¶ 21} Appellant contends the trial court attributed "substantial weight" to appellee's affiants without consideration of the affiants chosen by appellant. While appellant directs this court to his initial and supplemental witness disclosure, appellant concedes he "was unable to procure any affidavits by inmate witnesses." (Appellant's brief, 7.) In fact, appellant submitted no affidavits or any other evidence in accordance with Civ.R. 56 for the trial court's consideration. Thus, contrary to appellant's contention, the trial court did not weigh the evidence as the only evidence submitted by way of affidavit was that submitted by appellee.

{¶ 22} Accordingly, appellant's second assignment of error is overruled.

### D. Third Assignment of Error

{¶ 23} In his third assignment of error, appellant contends the trial court erred in concluding his August 27 public records request for "a complete and full copy of each and all policies and documents associated with the 'Madison Correctional Institution Policy List (2012)' " was overbroad. We disagree.

{¶ 24} " '[I]t is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue.' " *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, quoting *State ex rel. Fant v. Tober*, 8th Dist. No. 63737 (Apr. 28, 1993), *affirmed*, 68 Ohio St.3d 117 (1993). Further, the Ohio Public Records Act never contemplated that any individual would have the right to receive a complete duplication of files kept by government agencies. *State ex rel. Daugherty v. Mohr*, 10th Dist. No. 11AP-5, 2011-Ohio-6453, ¶ 33, citing *State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752 (10th Dist.1989). Instead, if a request for records is

unreasonable in scope, and if it would interfere with the sanctity of the record-keeping process, courts have held that the request is overbroad. *Id.*

{¶ 25} For example, in *Daugherty*, this court held that a public records request for "all the DRC and LoCI policies, e-mails, or memos, concerning whether prison officials are authorized to 'triple cell' inmate into segregation" was overbroad. *Id.* at ¶ 7. Quoting *Zauderer*, the *Daugherty* court reasoned that " '[a] general request, which asks for everything, is not only vague and meaningless, but essentially asks for nothing. At the very least, such a request is unenforceable because of its overbreadth. At the very best, such a request is not sufficiently understandable so that its merit can be properly considered.' " *Id.* at ¶ 34, quoting *Zauderer* at 756. Furthermore, the Supreme Court of Ohio has determined that a public records request for any and all reports is too broad. *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312 (2001); *see also State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788 (even though the representative had been in office only six months, request for all work-related e-mail messages, text messages, and correspondence of a state representative during her entire tenure overbroad because it impermissibly sought what approximated a complete duplication of the representative's files); *State ex rel. Dehler v. Spatny*, 127 Ohio St.3d 312, 2010-Ohio-5711 (public records request for all records relating to a prison quartermaster's orders for and receipt of clothing and shoes for a period of over seven years was also an improper, overbroad request); *State ex rel. Davila v. Bellefontaine*, 3d Dist. No. 8-11-01, 2011-Ohio-4890 (request for all reel-to-reel tapes made for the entire 15 years that the recording system was in daily use was overly broad).

{¶ 26} In the present case, appellee informed appellant that his request for "each and all policies and documents associated" with MaCI's policy list was overbroad and did not specifically identify the records sought. Additionally, appellee informed appellant that its policies were available in the institution's law library. Though appellant denies that said policies were made available to him, as discussed in our disposition of appellant's previous assignments of error, appellant has not presented any evidence in support of his contention.

{¶ 27} After review, we find no error in the trial court's determination that appellant's request for "each and all policies and documents associated with" MaCI's

policy list was overbroad and unenforceable.  Accordingly, appellant's third assignment of error is overruled.

**IV.  CONCLUSION**

{¶ 28} Having overruled appellant's three asserted assignments of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.

_____