[Cite as *DeCrane v. Cleveland*, 2018-Ohio-3651.]

|  |  |
|---|---|
| SEAN P. DECRANE | Case No. 2018-00358PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF CLEVELAND |  |
| Respondent |  |

{¶1} On February 16, 2018, attorney Subodh Chandra sent a letter to respondent City of Cleveland on behalf of requester Sean DeCrane making a public records request to inspect "[a]ll records generated while processing public-records request 15-2220." (Complaint at 2-3.) Later that day, the Cleveland Department of Law Public Records Section (PRS) acknowledged receipt, stating that the request was being processed for a response. (*Id.* at 4.) The PRS responded to the request on March 2, 2018, stating that:

> We are unable to fulfill your request as the request is vague, ambiguous, and overly broad under Ohio R.C. 149.43(B)(2). We are unable to determine what records you seek based on the wording of the request "all records generated while processing...15-2220." If you wish, please resubmit your request and provide clarification and specificity as to what records you seek related to PR# 15-2220's fulfillment.

> If you have any questions, or wish to discuss this further, you may contact our office at publicrecords@city.cleveland.oh.us or 216-664-2772.

(Response, Amos Aff. at ¶ 4.)

{¶2} On March 6, 2018, DeCrane filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). On May 30, 2018, the court was notified that the case had not been resolved in mediation. On June 13, 2018, the City filed an answer (Response) asserting that it had properly denied the request as ambiguous and overly broad, and on June 26, 2018 filed a supplemental pleading

ordered by the court. On August 8, 2018, DeCrane filed a reply with copies of the records that he had previously received related to request 15-2220.

**Remedy Under R.C. 2743.75**

{¶3} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶13. Claims under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

**Records Previously Provided to Requester**

{¶4} From September 21, 2015 through December 2, 2016, DeCrane received a total of 2,846 pages of records from the City in response to a public records request he made in 2015, request No. 15-2220. (Reply at 1, Exh. 1.) DeCrane also possessed correspondence with the City from that time period concerning request 15-2220, consisting of his original request and ensuing communication. (Reply at 1, Exh. 2.) To the extent DeCrane's complaint asks the City to produce records that it previously provided to him in response to request No. 15-2220, his February 16, 2018 request is moot. *State ex rel. Nix v. Cleveland*, 83 Ohio St.3d 379, 381-382, 700 N.E.2d 12 (1998).

**Ambiguous and Overly Broad Request**

{¶5} A public records requester must reasonably identify the particular existing records sought, and a request that is ambiguous or overly broad may be denied. R.C. 149.43(B)(2) provides:

> If a requester makes an ambiguous or overly broad request or has
> difficulty in making a request for copies or inspection of public records

under this section such that the public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request * * *.

Accordingly, "it is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21. Indeed, without sufficiently specific request language on which to base an order of compliance, a court cannot later enforce alleged non-compliance.

{¶6} While a person may request public records for use in civil litigation, *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, the standards for a proper public records request are distinctly different from the standards for civil discovery. A discovery-style demand to conduct an officewide search for records containing information "regarding or related to" an agency, program or person is improper as a public records request. *State ex rel. Thomas v. Ohio State Univ*. 71 Ohio St.3d 245, 245-246, 643 N.E.2d 126 (1994), cited with approval in *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 10; *State ex rel. Thomas v. Ohio State Univ*. 70 Ohio St.3d 1437, 638 N.E.2d 1041 (1994). The Public Records Act does not

> compel a governmental unit to do research or to identify records containing selected information. That is, relator has not established that a governmental unit has the clear legal duty to seek out and retrieve those records which would contain the information of interest to the requester. *Cf. State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 179, 464 N.E.2d 556. Rather, it is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue.

*State ex rel. Fant v. Tober*, 8th Dist. Cuyahoga No. 63737, 1993 Ohio App. LEXIS 2591, *3-4 (April 28, 1993), *aff'd*, 68 Ohio St.3d 117, 623 N.E.2d 1202 (1993). For example, a request for "any and all records generated * * * containing any reference whatsoever to [the requester]" fails to identify the records sought with sufficient clarity. *State ex rel.*

*Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 750 N.E.2d 156 (2001). *See also State ex rel. Morgan v. Strickland,* 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 14-15; *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 190 Ohio App.3d 218, 2010-Ohio-3416, ¶ 7-11 (8th Dist.), *rev'd in part on other grounds*, 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297; *State ex rel. Youngstown Publ'g Co. v. Youngstown*, 7th Dist. Mahoning No. 05MA66, 2006-Ohio-7272, ¶ 28-32; *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety*, Ct. of Cl. No. 2017-00051-PQ, 2017-Ohio-4247, ¶ 12.

{¶7} Judicial determination of whether a public office has properly denied a request as ambiguous or overly broad is based on the facts and circumstances in each case, *Zidonis, supra,* at ¶ 26. Here, DeCrane's request for "[a]ll records generated while processing public-records request 15-2220" is ambiguous and overly broad in several ways. Instead of identifying with reasonable clarity the records sought, the request uses an expansive and undefined phrase – "all records generated" – that provides no clear description of or boundary to the records sought. *See Dillery, supra.* DeCrane's request is not bounded by date, nor is it limited to the City department responsible for public records requests. It thus requires a search of all respondent's offices, through all correspondence and other documents no matter how tangential, over a period of three years. DeCrane emphasized the unbounded nature of his request in stating

> Please note that records documenting the business of a public entity or the basis for the decisions of its officials that are in officials' personal email accounts, cell phones, personal computers, etc. are still public records. Therefore, an exhaustive search should be made for responsive records of this nature.

(Complaint at 2-3.)[1] The requested search was not limited by file types, record-keeper(s), or correspondents. The City argues that these ambiguities and omissions

---

[1] For discussion of public records allegedly kept on personal accounts and devices, *see DeCrane v. Cleveland*, Ct. of Cl. No. 2018-00355-PQ, 2018-Ohio-* * * *.

would oblige the City to interpret DeCrane's intent, rather than execute the retrieval of specifically identified records:

> For this request, the requester could have been asking for the original responsive records, the non-responsive records, communications surrounding fulfillment of the request, or any other type of document that exists pertaining to the request (i.e. notes or logs), including those which would be protected by attorney work product or attorney client privilege (as that request was the subject of a mandamus action before the Ohio Supreme Court which was later dismissed). Given the numerous possible interpretations of the request, including some which would include privileged communications and/or require the City to research which employees across the entire City ever touched the request going back to three years earlier and determine whether they had any type of document associated with the former public records request across multiple formats, the request was improperly overbroad.

(Response at 3.) I find that the request was improperly ambiguous and overly broad.

{¶8} R.C. 149.43(B)(2) urges parties to revise a denied ambiguous and overly broad request prior to litigation. Following denial, the statute provides that the office

> shall provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties.

Despite the City's invitation to clarify or discuss the request, and for DeCrane to resubmit the request in a sufficiently specific form, DeCrane declined (Response at 3; Amos Aff. at ¶ 5), choosing instead to file the instant action. *See Zidonis, supra,* at ¶ 4-5, 40. Notably, DeCrane subsequently demonstrated that he could make a request that more specifically identifies the records he seeks. *Id.* at ¶ 35. In his reply at p. 2, DeCrane stated that

> his best understanding is that for each public-records request the City creates a separate tracking sheet documenting the steps taken to respond to each request, and that tracking sheet is kept in a folder specific to that request in which other records regarding the processing of the response are kept. The folder for public-records request 15-2220 would contain any "records generated while processing" that request.

Without prejudging the matter, a revised request using this detailed description bears a greater chance of reasonably identifying particular City records. Since a request based on this language would produce records from a folder that DeCrane asserts "would contain any 'records generated while processing' that request," it would likely obviate the ambiguity and lack of boundaries inherent in the discovery-style request he instead seeks to enforce. For its part, the City could have helpfully included in its denial letter the list of potential record types, locations, and privilege issues that it noted on page 3 of its response, as partial explanation of how it maintains and accesses records of processing public records requests, to inform any desired revision of the request.

{¶9} Fortunately, nothing prevents DeCrane from now making a revised request to the City, and/or accepting the City's invitation to discuss the matter. The Public Records Act requires parties to cooperate with the goal of identifying the specific records sought while minimizing the burden on the public office. The parties are encouraged to fully utilize the tools provided by R.C. 149.43(B)(2) through (7) in negotiating future requests. Early cooperation can result in timely, mutually satisfactory revision of overly broad requests, and is favored by the courts. *See State ex rel. Morgan v. Strickland,* 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶15-20.

**Conclusion**

{¶10} Upon consideration of the pleadings and attachments, I recommend that the court find that requester's public records request is moot in part, and was otherwise properly denied by respondent as ambiguous and overly broad. Accordingly, I recommend that the court issue an order DENYING requester's claim for production of records. I recommend that court costs be assessed to the requester.

{¶11} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the*

*court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed August 27, 2018**
**Sent to S.C. Reporter 9/10/18**