[Cite as *Welin v. Hamilton*, 2022-Ohio-2661.]

| | |
|---|---|
| PETER WELIN, ESQ. | Case No. 2021-00748PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF HAMILTON, OHIO | |
| Respondent | |

{¶1} The Public Records Act requires a public office to make copies of requested public records available at cost and within a reasonable period of time. R.C. 149.43(B)(1). The Act is construed liberally in favor of broad access, with any doubt resolved in favor of disclosure. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12. R.C. 2743.75 provides an expeditious and economical procedure to resolve public records disputes in the Court of Claims.

{¶2} In a letter dated July 6, 2021, requester Peter Welin made a public records request to respondent City of Hamilton, Ohio as follows:

> Pursuant to Ohio Revised Code §149.43(B), I hereby request the production of, or the opportunity to inspect and copy, any and all documents, files, records and other information and materials in the possession, custody or control of the City of Hamilton, Ohio, created or received between January 1, 2006, and the date of this letter, concerning, discussing, relating to, or referring in any manner to the following hydroelectric projects (collectively, the "Hydroelectric Projects") owned, constructed, funded, and/or operated, in whole or in part, by American Municipal Power, Inc. ("AMP"), and/or its parent companies, sister companies, subsidiaries, or other related companies, including but not limited to, all documents referring or relating to any claims by or against AMP relating to the Hydroelectric Projects:
>
> (1)    The Meldahl Hydroelectric Project ("Meldahl") located on the Kentucky side of the existing USACE Captain Anthony Meldahl Lock and Dam facility on the Ohio River;

(2)     The Cannelton Hydroelectric Project ("Cannelton") located on the Kentucky side of the existing USACE Cannelton Locks and Dam facility on the Ohio River;

(3)     The Willow Island Hydroelectric Project ("Willow Island") located on the West Virginia side of the existing USACE Willow Island Locks and Dam facility on the Ohio River; and

(4)     The Smithland Hydroelectric Project ("Smithland") located on the Kentucky side of the existing USACE Smithland Locks and Dam facility on the Ohio River.

Without limiting the foregoing request, and as background, the City investigated and evaluated the prospect of developing, constructing, and operating a hydroelectric power plant at the Meldahl site, and subsequently worked with AMP to do so. The City has also had employees or representatives participate as board members of AMP or its affiliates, or on boards or committees related to these power plants, and would therefore also have records developed, sent or received as a result of such participation. This request includes, among other things, all records which are about the feasibility assessment, licensing, planning, contracting, financing, development, and operation of all of the projects, and all claims and disputes arising from or related to their construction or operation.

(Complaint at 8-9.) The City responded through its law director on July 30, 2021:

Your request for records associated with the Cannelton, Willow Island, and Smithland projects is denied as these are not records kept by the City. See *State ex rel. Evans v. City of Parma*, 8th Dist. Cuyahoga No. 81236, 2003-Ohio-1159. Your request for records associated with the Meldahl project is denied as ambiguous and overly broad. Your request does not provide reasonable clarity so that the City can identify responsive records based on the manner in which the City ordinarily maintains and accesses records. See O.R.C. Section 149.43(8)(2); *State ex rel. Glasgow v. Jones*, 119 Ohio St. 3d 391, 2008-Ohio-4788, P 19.

If you would like to clarify or revise your request, please feel free to contact me.

(*Id.* at 10.) Welin replied by objecting that the City's denial based on ambiguity, overbreadth and non-existent records was unjustified (*Id.* at 11-12.) The City responded

that it stood by its July 30, 2021 letter and asked again if Welin would like to clarify or revise his request as to the Meldahl project. (*Id.* at 14.)

**{¶3}** On December 29, 2021, Welin filed a complaint pursuant to R.C. 2743.75 alleging denial of access to public records by the City in violation of R.C. 149.43(B). Following mediation, the City filed its response to the complaint on April 1, 2022. On April 19, 2022, Welin filed a reply. On May 16, 2022, the City filed a sur-reply and filed a supplement thereto on May 18, 2022.

**Burden of Proof**

**{¶4}** The requester in an action under R.C. 2743.75 bears an overall burden to establish a public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). The requester bears an initial burden of production "to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33.

**No Cause of Action for Modified Requests**

**{¶5}** Welin argues that the City's provision of 400 pages of records during mediation demonstrates it always knew they were responsive to his original July 6, 2021 requests. (Reply at 2-5.) However, these records were produced in response to a new set of narrowed requests that just as arguably show Welin could have crafted his earlier requests to identify records with sufficient specificity. (Sur-reply at 2-4, Exhs. A, B.)[1]

**{¶6}** Regardless, new requests made during public records litigation do not relate back to the complaint. There is no cause of action based on violation of R.C. 149.43(B)

---

[1] The City has not waived mediation communications privilege and confidentiality provisions of R.C. 2710.03 and .07. (Sur-reply at 2-3.) See R.C. 2710.02(A)(1); L.C.C.R. Rule 22(A) and (G). Because Welin's improper disclosure does little more than demonstrate that the parties are capable of greater cooperation and clarification, and there is no substantive prejudice alleged by the City, the Special Master does not recommend imposing any penalty for Welin's violation.

unless the request was made and denied prior to the complaint. *See Strothers v. Norton,* 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 14; *State ex rel. Bardwell v. Ohio Atty. Gen.*, 181 Ohio App.3d 661, 2009-Ohio-1265, 910 N.E.2d 504, ¶ 5 (10th Dist.). The Special Master concludes that Welin's new requests are not before the court. Nor do they constitute evidence of the nature or validity of his initial requests.

### Non-Records Need not be Provided

"Records" are defined in R.C. 149.011(G) as including:

> any document, device, or item, regardless of physical form or characteristic, * * *, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, *which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office*.

(Emphasis added.) R.C. 149.011(G) requires more than mere receipt and possession for an item to be a "record" subject to request under R.C. 149.43. *State ex rel. Beacon Journal Publ'g Co. v. Whitmore*, 83 Ohio St.3d 61, 64, 697 N.E.2d 640 (1998). "By so holding, we reject relators' contention that a document is a 'record' under R.C. 149.011(G) if the public office 'could use' the document to carry out its duties and responsibilities." *Id.* at 63. Accord *State ex rel. Cincinnati Enquirer v. Ronan*, 127 Ohio St.3d 236, 2010-Ohio-5680, 938 N.E.2d 347, ¶ 13-16. Information that a public office happens to be storing, but which does not serve to document any aspect of the office's activities, does not meet the statutory definition of a "record." *State ex rel. McCleary v. Roberts*, 88 Ohio St.3d 365, 367-368, 725 N.E.2d 1144 (2000); *State ex rel. Fant v. Enright*, 66 Ohio St.3d 186, 188, 610 N.E.2d 997 (1993).

{¶7} Even where a document is received, reviewed, and integrated into a topical office file, but is not used to document the office's activities, it may not rise to the definition of a "record." In *Whitmore,* the Court found that unsolicited letters regarding an upcoming sentencing did not serve to document a judge's sentencing decision when she received and stored but did not actually use them. *Id.* at 63-65. Likewise, electronic storage

devices obtained by law enforcement during investigations often include voluminous content that is personal, duplicative, or superfluous. If such incidental data constituted "records" based on possession alone, the agency would be obliged to respond to public records requests for them, but no such result is required by the language of R.C. 149.011(G). *See Narciso v. Powell Police Dept.*, Ct. of Cl. No. 2018-01195PQ, 2018-Ohio-4590, ¶ 45-51; *Andes v. Ohio AG's Office*, Ct. of Cl. No. 2017-00144-PQ, 2017-Ohio-4251, ¶ 13-14 (contents of storage devices were either not relevant to the investigation or were not used in the criminal prosecution).

{¶8} When a public office asserts that it has searched for and provided all existing records responsive to a request, the requester has the burden to overcome that denial with clear and convincing evidence that additional records exist. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 5-10. A requester's mere belief in the existence of additional records does not constitute clear and convincing evidence. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 22-26; *State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶ 13. A requester seeking items withheld as non-records must establish that they "create a written record of the structure, duties, general management principles, agency determinations, specific methods, processes, or other acts of the [public office]." *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 22. Disclosure of incidental information is not required if it reveals little or nothing about an agency's own conduct and would do nothing to further the purposes of the Act. *State ex rel. Beacon Journal Publ'g Co. v. Bond*, 98 Ohio St.3d 146, 2002-Ohio-7117, 781 N.E.2d 180, ¶ 9-13; *Dispatch* at ¶ 27. *See State ex rel. Wilson-Simmons v. Lake County Sheriff's Dept.*, 82 Ohio St.3d 37, 41, 693 N.E.2d 789 (1998); *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 25.

{¶9} The City attests that it "did not develop, fund, construct, or participate in the operations of the Cannelton, Willow Island, and Smithland hydroelectric plants" (Response, Block Aff. at ¶ 9) and therefore keeps no "records" of them. (*Id.* at ¶ 13-14.) Welin concedes that "the City may not have been the actual owner of these projects, and may not have been the Owner's Agent or Operator of these projects." (Reply at 7.) The City notes that some information relating to the three non-City projects is incidentally scattered within its records of the Meldahl project but does not document City operations. (Block Aff. at ¶ 13-14.) Welin offers no evidence to the contrary. Welin asserts that AMP serves as an agent for these other hydroelectric projects but does not explain how this sweeps all AMP documents into the "records of" the City, which contracts only with the Meldahl plant. Even the fact that some City employees also sit on the board of AMP does not sweep all AMP documents into the keeping of the City as "records" without a showing that particular records actually document City operations.

{¶10} Based on the evidence submitted, the Special Master finds that Welin has not shown by clear and convincing evidence that records *of the City* exist for the Cannelton, Willow Island, and Smithland Hydroelectric Projects.

### Ambiguous and Overly Broad Requests

In general,

> No pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of public records within a reasonable time. The respondent is under a statutory duty to organize his office and employ his staff in such a way that his office will be able to make these records available for inspection and to provide copies when requested within a reasonable time.

*State ex rel. Beacon Journal Pub. Co. v. Andrews*, 48 Ohio St.2d 283, 289, 358 N.E.2d 565 (1976). However, an ambiguous or overly broad request does not trigger an office's duty to make records available in the first instance. It is "the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records

at issue." *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21. A request that does not reasonably identify what public records are being requested may be denied. R.C. 149.43(B)(2). *See generally Gupta v. Cleveland*, Ct. of Cl. No. 2017-00840PQ, 2018-Ohio-3475, ¶ 22-29. Judicial determination of whether an office has properly denied a request as ambiguous or overly broad is based on the facts and circumstances in each case. *Zidonis* at ¶ 26.

{¶11} Welin's request is ambiguous and overly broad in multiple, overlapping ways. The request seeks "any and all documents, files, records and other information and materials" over a fifteen-year period "concerning, discussing, relating to, or referring in any manner to" four hydroelectric projects. (Complaint, Exh. B.) First, fifteen years is a lengthy period of time. *Zidonis* at ¶ 21. Next, "any and all" is a term of complete inclusion that improperly asks for *everything* to do with the infrastructure projects.

> A general request, which asks for everything, is not only vague and meaningless, but essentially asks for nothing. At the very least, such a request is unenforceable because of its overbreadth. At the very best, such a request is not sufficiently understandable so that its merit can be properly considered.

*State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 756, 577 N.E.2d 444 (10th Dist. 1989). Accord *Zidonis* at ¶ 28-32 (all email between two employees for six years). See *Salemi v. Cleveland Metroparks*, 8th Dist. Cuyahoga No. 100761, 2014-Ohio-3914, ¶ 26 (all checks, agreements, meeting minutes, emails, and letters relating to golf course marketing). Compare *State ex rel. Carr v. London Corr. Inst.*, 144 Ohio St.3d 211, 2015-Ohio-2363, 41 N.E.3d 1203, ¶ 25-29 (request for communication between one person and a specific department for two months was found not overly broad).

{¶12} After noting that the relator's request for all complaint and litigation files "covered a lengthy period of time – at least six years," the Supreme Court in *Zidonis* affirmed that

> [i]n identifying records for purposes of presenting a viable request, the Public Records Act "does not contemplate that any individual has the right to a complete duplication of voluminous files kept by government agencies." *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 624, 1994 Ohio 5, 640 N.E.2d 174 (1994), citing *State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 577 N.E.2d 444 (1989).

*Zidonis* at ¶ 21. See also *State ex rel. Dissell v. Cleveland*, 8th Dist. Cuyahoga No. 110425, 2021-Ohio-2937, ¶ 20. The City here has submitted testimony of the Hamilton hydroelectric plants manager that there are millions of pages of *non-communication* City records related to the Meldahl Hydroelectric Project. (Sur-reply, Martin Aff. at ¶ 7-8.) The City gave no estimate of *communications* records but noted they would have to be located and retrieved from among large individual files maintained by nearly 600 City employees. (*Id.* at ¶ 12-17.)[2] Welin does not dispute these numbers. Based on the evidence submitted, the Special Master finds that Welin's requests amount to a demand for the complete duplication of voluminous files.

{¶13} Separately, a public records request is unenforceable if it is too vague or indefinite to be properly acted on by the records holder. *State ex rel. Dehler v. Spatny*, 11th Dist. No. 2009-T-0075, 2010-Ohio-3052, ¶ 4, 18, *aff'd*, 127 Ohio St.3d 312, 2010-Ohio-5711, 939 N.E.2d 831. As used here, the demand for records "discussing, relating to, or referring in any manner to" the hydroelectric projects is independently sufficient to render the request ambiguous and overly broad. Indeed, without sufficient specificity as to the particular records sought a court cannot issue an order for production of specific responsive records or determine and enforce non-compliance therewith. Welin's request requires the City to comb through all communications records to evaluate their "relation" to any aspect of the projects - rather than retrieve communications reasonably identified by specific correspondents, subject matter, search terms, and the like. *State ex rel. Dillery*

---

[2] Although Welin's only actionable request does not specifically mention communications records, the "any and all" language broadly sweeps in records of every type.

*v. Icsman*, 92 Ohio St.3d 312, 314, 750 N.E.2d 156 (2001). *Accord State ex rel. Chasteen v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 13-AP-779, 2014-Ohio-1848, ¶ 23-27; *DeCrane v. Cleveland*, Ct. of Cl. No. 2018-00358PQ, 2018-Ohio-3651, ¶ 6-7, adopted by *DeCrane v. Cleveland*, Ct. of Cl. No. 2018-00358PQ, 2018-Ohio-4363, cited with approval in *Barnes v. Cleveland Div. of Records Admin.*, 2021-Ohio-212, 167 N.E.3d 51, ¶ 43 (8th Dist.). Compare *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 23-27 (A request for email is not overly broad if it is reasonably circumscribed by time period, subject matter, author or sender/recipient, and the like). The special master finds that the request for fifteen years of all communications records *related to* hydroelectric projects, without naming any individual correspondents or other specifying information, is ambiguous, overly broad, and fails to reasonably identify the records sought.

{¶14} Finally, a request is ambiguous and overly broad when it amounts to a research assignment throughout voluminous records of the office. A public office is not obliged to individually "seek out and retrieve those records which would contain the information of interest to the requester." *State ex rel. Fant v. Tober*, 8th Dist. Cuyahoga No. 63737, 1993 Ohio App. LEXIS 2591, *3 (April 28, 1993). See *Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 10-11, 19-22 (request to retrieve records containing selected information, and cull out the ones requester did not want); *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 190 Ohio App.3d 218, 2010-Ohio-3416, ¶ 7-11, 941 N.E.2d 807 (8th Dist.) (request for records containing information about personal injury claims), rev'd in part on other grounds, 131 Ohio St. 3d 149, 2012-Ohio-115, 962 N.E.2d 297; *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 14-15 (request for "[a]ny and all email communications * * * which reference * * * the 'evidence-based model' or education funding in general") (first ellipsis sic). A request for communications is ambiguous or overly broad when it identifies correspondents only as belonging to titles,

groups or categories for which research is required to establish their membership. *State ex rel. Oriana House, Inc. v. Montgomery*, 10th Dist. Franklin Nos. 04AP-492, 04AP-504, 2005-Ohio-3377, ¶ 9, overturned on other grounds, 107 Ohio St. 3d 1694, 2005-Ohio-6763, 840 N.E.2d 201; *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety*, Ct. of Cl. No. 2017-00051-PQ, 2017-Ohio-4247, ¶ 11.

{¶15} To be sure, a requester may utilize public records requests to obtain records of interest in connection with civil litigation to which he is a party. *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 8-11. *Accord State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006 Ohio 6365, 857 N.E.2d 1208, ¶ 43-45. However, this does not mean he is entitled to frame the request as he would a discovery demand for production of documents under Civ.R. 34. "R.C. 149.43 codifies the Ohio Public Records Act and does not involve civil discovery procedures." *Hance v. Cleveland Clinic*, 2021-Ohio-1493, 172 N.E.3d 478, ¶ 33 (8th Dist.). A broad discovery-style demand to conduct an officewide search for records is often improper when submitted as a public records request. *State ex rel. Thomas v. Ohio State Univ*. 71 Ohio St.3d 245, 246, 1994-Ohio-261, 643 N.E.2d 126 (1994), cited with approval in *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 10; *State ex rel. Thomas v. Ohio State Univ*. 70 Ohio St. 3d 1438, 638 N.E.2d 1041 (1994); *Gupta v. Cleveland*, Ct. of Cl. No. 2017-00840PQ, 2018-Ohio-3475, ¶ 22. On their face, Welin's requests make sweeping, discovery-style demands rather than reasonably identifying the particular records sought. None are narrowed by identification of files, reports, or even records retention categories. Instead, they require the City to comb through all office records for "any and all" peripheral communications, memoranda, plans, policies, etc. that are in any way "related to" broad subjects, regardless of a record's location or the nature of its "relation" to the functions, operations, relationships, communications, etc. referenced in the requests. *Zidonis* at ¶ 21, 26; *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 750 N.E.2d 156 (2001). *Accord State ex rel. Chasteen*

*v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 13-AP-779, 2014-Ohio-1848, ¶ 23-27; *DeCrane v. Cleveland*, Ct. of Cl. No. 2018-00358PQ, 2018-Ohio-3651, ¶ 1, adopted by *DeCrane v. Cleveland*, Ct. of Cl. No. 2018-00358PQ, 2018-Ohio-4363, cited with approval in *Barnes v. Cleveland Div. of Records Admin.*, 2021-Ohio-212, 167 N.E.3d 51, ¶ 43 (8th Dist.). For the reasons set forth above, the Special Master finds that the June 21, 2021 requests are ambiguous, overly broad, and fail to reasonably identify the records sought.

### Embedded Requests

Part of Welin's request states:

> This request includes, among other things, all records which are about the feasibility assessment, licensing, planning, contracting, financing, development, and operation of all of the projects, and all claims and disputes arising from or related to their construction or operation.

(Complaint at 8-9.) While this sentence is slightly more descriptive than the remainder of the request, it still broadly seeks "all records which are about" a list of general topics. Although a closer question, the Special Master finds this language still does not constitute a request sufficiently specific for the City to "reasonably identify what public records are being requested." R.C. 149.43(B)(2).

{¶16} The Special Master finds that Welin has not proven by clear and convincing evidence that his request reasonably identified any of the records sought, and the request is thus unenforceable. This conclusion does not restrict Welin from filing properly revised requests. During mediation Welin provided a narrowed request and the City produced copies of the Power Sales Contract Regarding the Meldahl Hydroelectric Project and Appendices (278 p.); Project Operating Agreement Among [the City and AMP] (20 p.); Meldahl, LLC First Amendment to Operating Agreement (3 p.); Operating Agreement of Meldahl, LLC Between [the City and AMP] (20 p.); Meldahl Project Development and Agency Agreement  Among [the City and AMP] (18 p.); Meldahl-Greenup Participation Agreement Among [the City and AMP] (56 p.); and the Meldahl Purchase, Construction

and Ownership Agreement Between [AMP] and Meldahl, LLC Regarding the Meldahl Hydroelectric Project (5 p.). (March 18, 2022 Supplement to Sur-Reply.) The request as to these specific records is thus moot. Under similar circumstances, courts have encouraged parties to persevere to achieve a mutually acceptable resolution of currently deficient records requests and responses. *See State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 14-19. The parties here have demonstrated the ability to negotiate, clarify, and produce at least some of the records sought. The General Assembly provides statutory tools to optimize the scope, speed, format, economy, and delivery of public records. *See* R.C. 149.43(B)(2), (3), (5), (6), (7) and (9). The parties are encouraged to cooperate fully in negotiating future revisions using those tools.

### Opportunity to Revise an Ambiguous or Overly Broad Request

Finally, when denying an ambiguous or overly broad request, a public office must

provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties.

R.C. 149.43(B)(2). Welin complains the City never informed him "of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties." (*Id.*, Exh. D.)  He contends the City could have but did not explain how it maintains records related to what it knows to be its role "as the Project Owner's Agent for the construction of the Meldahl project, or any of several other things that Requester specified (i.e. the project licensing records, the project planning records, the project contract records, etc.)." (Reply at 2.) Instead, the City merely offered, "If you would like to clarify or revise your request, please feel free to contact me." (Complaint, Exh. C.) Welin later asked "whether the City uses any third-party document custodians to maintain records on the City's behalf," a matter that could be relevant to the accessibility

of records but not to their identification. (*Id.*, Exh. E.) Welin did not attempt to clarify or revise his request before commencing this action.

**{¶17}** The Special Master finds that a public office's invitation to "clarify and revise" a public records request is a necessary but not sufficient component of its obligation to provide "an opportunity to revise the request *by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties.*" R.C. 149.43(B)(2). The City did not provide this required records management information. See *Gupta v. Cleveland*, Ct. of Cl. No. 2017-00840PQ, 2018-Ohio-3475, ¶ 59-60. *But see State ex rel. Bristow v. Baxter*, 6th Dist. Erie Nos. E-17-060, E-17-067, E-17-070, 2018-Ohio-1973, ¶ 13. The court may also take notice that Welin holds himself out as knowledgeable in public records law and requests, and evidences some familiarity with the types, identity, location, relevant personnel, and previous production in litigation of some hydroelectric facility development documents. (Complaint, Exh. D.) The City also notes that its records retention schedule is posted online (Response, Exh. A at ¶ 18) but offers no evidence it directed Welin to the schedule prior to the filing of the complaint.

**{¶18}** Under the totality of the facts and circumstances presented, the Special Master finds that the City failed to satisfy its obligations under R.C. 149.43(B)(2).

**Conclusion**

**{¶19}** Upon consideration of the pleadings and attachments, the Special Master recommends the court deny the claim for production of records. The Special Master further recommends the court find that respondent failed to provide requester with the information required when denying a request on the ground that it is ambiguous and overly broad, in violation of R.C. 149.43(B)(2). It is recommended costs be assessed equally between the parties.

**{¶20}** *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this*

*report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

 

JEFF CLARK
Special Master

**Filed July 5, 2022**
**Sent to S.C. Reporter 8/4/22**